# Lewis *v.* Hudmon & Brother.

*Action on Promissory Note given for Premium on Policy of Life Insurance.*

1. *Proof of application for policy.*—A written application for a policy of life insurance is the highest and best evidence of what it contains ; and its contents cannot be proved by secondary evidence, until its loss or destruction is shown, or, if it is in the possession of the company, until there has been some proper effort to procure it.

APPEAL from the City Court of Opelika.

Tried before the Hon. JOHN M. CHILTON.

This action was brought by the appellees, suing as partners, against John F. Lewis; was commenced on the 10th January, 1874, and was founded on the defendant's promissory note, which was in these words: "$100.62. Opelika, Ala., June 15, 1873. One day after date, I promise to pay, to the order of J. S. Byington, one hundred and 62-100 dollars, value received, being the first semi-annual premium on my policy (No. 26,892) in the Life Association of America ; and this note shall be a lien on the same." The complaint alleged that the plaintiffs were the holders and owners of the note, by indorsement of J. S. Byington. The defendant pleaded the general issue, "in short by consent, with leave to give any special matter of defense in evidence;" and issue was joined on this plea, "with like leave to plaintiff in reply." On the trial, as the bill of exceptions states, the plaintiffs having read the note in evidence, the defendant produced, and offered in evidence without objection, the policy numbered 26,892, which was on its face what is called a "term policy" and having been sworn as a witness for himself, "offered to prove that he had made a written application to said insurance company, The Life Association of America, through J. S. Byington, the payee of the note, who was the agent of said company, for a policy of $5,000 on the ordinary life plan, to be paid to his wife on his death ; that said Byington handed him the policy (No. 26,892) read in evidence, which he refused to accept, because it was not the kind of policy he had applied for ; that said Byington agreed with him, that if he would give his note, the note sued on, he would procure and deliver to him a policy on the ordinary life plan, and not a term policy (like that offered in evidence);

[Lewis v. Hudmon & Brother.]

that he gave said note on this express understanding and agreement, pledge and promise, on the part of said Byington, and in consideration of the same; and that said Byington had never procured and delivered such policy to him, nor offered to do so, nor had any one else done so, or offered to do so. To the introduction of this evidence the plaintiffs objected, and the court sustained their objection, and would not allow the evidence to go to the jury; to which ruling the defendant excepted." The exclusion of this evidence is now assigned as error.

W. H. BARNES, for appellant.—The evidence tended to show a failure of consideration, and fraud in procuring the note; and for these purposes parol evidence is admissible.—*Patton v. Gilmer*, 42 Ala. 548; *Simonton v. Steele*, 1 Ala. 357; *Litchfield v. Falconer*, 2 Ala. 380; *Mead v. Steger*, 5 Porter, 498; *Cuthbert v. Bowie*, 10 Ala. 163; *Lavange v. Russell*, 7 Ala. 798; *Brown v. Isbell*, 11 Ala. 1009.

H. C. LINDSEY, *contra.*—The written application for the policy was the best and only evidence of its contents, unless a proper predicate had been laid for the introduction of secondary evidence.—1 Greenl. Ev. § 275. Parol evidence was not admissible to show a consideration different from that expressed in the policy, though it might have been competent to show the consideration if none had been specified.— 4 Phil. Ev. 357, n. 294. Policy No. 26,892 was of force from the time of its delivery; and if death had ensued, the wife of the insured could recover on it. If there was any breach of promise on the part of Byington, the defendant has his remedy by action for damages.—Chitty on Bills, 77; *Day v. Nix*, 17 Eng. Com. Law, 121, or 9 Moore, 159.

MANNING, J.—The application for the policy was the highest and best evidence of the kind of policy the defendant applied for; and no other was admissible, if that could be produced. But it was not introduced, nor was any excuse offered for not having it present. If, as is probable, the application was in the possession of the company, some endeavor should have been made, by notice or otherwise, to have it brought before the court. This was not done, and the court below did not err in ruling out the secondary evidence.

The judgment must be affirmed.