# Jones *v.* The State.

*Indictment for Murder.*

115   67
116   664

'1. *Witness; where credibility not indorsed.*—When in the trial of a criminal case the State calls in rebuttal and examines as a witness a person who was a witness for the defendant, it does not thereby endorse the credibility of such witness ; and a charge so instructing a jury is erroneous.

APPEAL from the Circuit Court of Hale.
Tried before the Hon. JOHN R. TYSON.
The appellant was indicted and tried for the murder of Amos Williams, was convicted of murder in the first degree, and sentenced to the penitentiary for life. There is but one question presented on the present appeal, and the facts pertaining thereto are sufficiently stated in the opinion.

CHARLES E. WALLER, for appellant.—The State was not allowed to recall the witness who had been introduced by the defendant and cross-examine him. The State, therefore, caused said witness to be resworn and then examined him. By so doing it endorsed him, and the charge so instructing the jury should have been given.—29 Am. & Eng. Encyc. of Law, 812, 815, b and c notes; *Barker v. Bell,* 46 Ala. 216; *Madden v. State,* 65 Miss. 176; *Johnson v. Armstrong,* 97 Ala. 731.

WILLIAM C. FITTS, Attorney-General, for the State.— The charge asked by the defendant was a mere attempt to single out the testimony of the witness Smith and give special prominence to it, and was, therefore, properly refused.—*Garrett v. State,* 97 Ala. 18; *Roberson v. State,* 99 Ala. 189; *Fowler v. State,* 100 Ala. 96.

HARALSON, J.—Dolphus Smith had been examined as a witness by the defendant, who testified to facts tending to show an *alibi.* Albert Johnson, a witness for defendant, testified to a fact tending to show that Dolphus Smith might have killed the deceased. After the defendant had closed, the State recalled the said witness, Dolphus Smith, who was again sworn, and was asked by the solicitor, "Did you kill Amos Thomas?" to which question, the witness replied, "No, sir."

The defendant requested the court to charge the jury, "that when the State called Adolphus Smith, as a witness, and put him on the stand and examined him, the State endorsed him." The charge was incorrect, and properly refused. The rule on the subject, as stated by the decisions of this court is, that a party can not impeach a witness he has introduced either by propounding questions, tending to show him incompetent or unworthy of credit, or by the examination of other witnesses, proving him to be incompetent, or unworthy of credit; but that the party may introduce other evidence to establish the facts of his cause, though thereby the witness is contradicted.—3 Brick. Dig. 828, §§ 98-100.

Affirmed.