# Phœnix Assurance Co. of London v. McAuthor.

*Action on a Fire Insurance Policy.*

1. *Evidence as to transactions with agent; when error committed in omitting testimony cured by subsequent proof of agency.*—The error in admitting evidence relating to transactions with one who had not been shown to be the agent of defendant in a suit, is cured by subsequent proof of the agency of such person.

2. *Action on fire insurance policy; admissibility of secondary evidence of contents of the policy.*—In an action upon an insurance policy, when it is shown that the policy was in the possession of the agent who wrote it, but no notice was served upon him to produce it, the testimony of such agent that he did not know where the policy was, and that he could not find it, is not a sufficient predicate to allow the introduction of secondary evidence of the contents of the policy. The witness should have shown that after a *bona fide* and diligent search in the places where it would most likely be found, he had been unable to find it.

3. *Insurance; what is sufficient delivery of policy.*—Whether or not an insurance policy has been delivered after its issuance, so as to complete the contract and give it binding effect, does not depend upon its manual possession by the assured, but rather upon the intention of the parties as manifested by their acts or agreement; and where the policy is executed and the agent of the company notifies the assured that it has been issued and was in his possession for him, and the premium is paid by the assured to the agent, it will be con-

sidered that there had been a delivery of the policy and the completion of the contract, so as to give validity and binding effect to the policy.

4. *Same; burden of proof as to cancellation; general affirmative charge.*
In an action upon a fire insurance policy, where the defense set up is that there was a cancellation of the policy by reason of the failure of the assured to pay the premium within five days after notice, in accordance with the provisions contained in the policy, and the undisputed evidence shows that there was a completed contract by issuance and delivery of the policy, the burden of showing the cancellation is upon the defendant; and if the evidence is in conflict as to whether or not the premium was paid, the general affirmative charge requested by the defendant is properly refused.

5. *Witness; charge to the jury.*—A charge which instructs the jury that by reason of the plaintiff introducing a certain named witness as a witness in his behalf, the plaintiff is bound by said witness's testimony as "that of a credible witness, worthy of belief," is erroneous and properly refused.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. W. FOSTER.

This action was brought by the appellee, F. M. McAuthor, against the appellant, the Phoenix Assurance Company of London; and counted in the Code form upon a policy of fire insurance, which was alleged to have been issued by the defendant upon the plaintiff's dwelling house.

The defendant pleaded the general issue and by special pleas that at the time of the alleged fire the policy of insurance had been cancelled by the defendant, by virtue of an agreement with the plaintiff and in accordance with one of the stipulations of the policy; five days notice having been given of such intention to cancel said policy, as required by such stipulation. Upon these pleas issue was joined.

The plaintiff, as a witness in his own behalf, testified that he had been insuring his house with the defendant company; that he had a policy with the defendant that expired on November 21, 1894; that about the 1st of December, 1894, he met Frank Murphree, the agent of the defendant, who told him that he had renewed his insurance and issued a new policy for one year on his house for the same amount as that contained in the policy which expired on November 21; that he, plaintiff, told said Murphree that was all right and gave him his note for the premium on the policy, which note was made

payable sixty days after date; that subsequently he paid
the note so given to said Murphree by doing some work
for Murphree. The defendant objected to this latter
testimony, upon the ground that said Murphree was not
shown to have been authorized to receive payment for
the premium in anything except money. The court
overruled the objection, and the defendant duly excepted.
The plaintiff, as a witness, further testified, that he had
never seen the policy sued on; that it had not been de-
livered to him by Murphree, the defendant's agent, or
any one else for the company, but that it was held for
him by said Murphree; and that his house was destroyed
by fire on October 16, 1895.

The plaintiff introduced as a witness in his behalf
Frank Murphree, who testified that on November 21, he
issued a policy in the name of the defendant company,
insuring the plaintiff's dwelling house for one year from
the date of the issuance of the policy, and shortly after
said policy was written the plaintiff gave him his note
for the premium, payable sixty days after date; that at
the time the policy was issued, he, Murphree, paid the
premium to the defendant, but that he did not inform
the defendant that the policy had not been delivered to
the plaintiff, nor that the plaintiff had not, himself,
paid the premium; that he, Murphree, retained the pol-
icy, and upon the plaintiff's failure to pay the note given
for the premium, he notified him that if he did not pay
the premium he would cancel the policy; that he gave
the plaintiff five days' notice prior to the time the policy
was cancelled, that he would cancel the policy unless the
premium was paid within five days, and that upon the
plaintiff's failure to pay the premium, after the expira-
tion of the five days notice from the time given, he,
Murphree, cancelled the policy and notified the plaintiff
thereof. This witness further testified that he was a
member of the firm which was the agent of the defend-
ant company; that the policy was not delivered to the
plaintiff, but that he did not know where the policy was,
and could not find it. That he could not give the con-
tents of the policy nor the substance of its contents in
full; but that it was issued at the time and for the
period stated and upon certain property of the plaintiff,
which he described in his testimony. The defendant
then objected to the testimony about the property con-

tained in the policy, and the amount and date of the policy, upon the following grounds: 1. That the contents of the policy had not been shown. 2. That it sought to introduce only a part of the contract of insurance. 3. Because the policy had not been offered in evidence, nor had the substance of the contents of the policy been offered in evidence. This objection was overruled, and the defendant duly excepted. The defendant then moved to exclude the testimony of the witness, Frank Murphree, about the issuance of the policy, the date thereof and the amount of the policy, and the property embraced therein, upon the following grounds: 1. Such witness was not shown to be the authorized agent of the defendant in the issuance of the policy. 2. Because the policy was the best evidence of what it contained and what it was. 3. Because the policy was not introduced in evidence, and the contents of the substance of the policy had not been introduced in evidence. The court overruled this motion, and the defendant duly excepted. The witness, Frank Murphree, stated in answer to a question by the defendant that said policy contained a clause as follows: "This policy shall be cancelled by the request of the insured or of the company (the insurer) on five days notice of such cancellation." The plaintiff was then re-examined as a witness and testified that he paid Frank Murphree the entire note which he had given for the premium on his policy, and that said Frank Murphree never notified him that he was going to cancel the policy or that the policy was cancelled until after the fire occurred in October, 1895.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they must find for the defendant." (2.) "The court charges the jury that Frank Murphree was introduced by the plaintiff as his witness, and the plaintiff is bound by Frank Murphree's testimony as that of a credible witness worthy of belief."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

W. L. PARKS, for appellant.—To pass the title to the policy of insurance it should have been delivered to the plaintiff by the company, or by some person for it; and under the facts in this case, if the plaintiff has any right to recover, it should be for a breach of the contract to insure, rather than a suit on the policy.—*Home Ins. Co. v. Adler*, 77 Ala. 242.

ESPY & FARMER, *contra*, cited *Henry v. Hall*, 106 Ala. 84; *National Fertilizer Co. v. Holland*, 107 Ala. 412; *Equitable Fire Ins. Co. v. Alexander*, 12 So. Rep. (Miss.) 25.

HARALSON, J.—1. Suit upon a fire insurance policy; complaint in Code form. The second and third assignments of error,—the first assignment not being insisted on,—may be considered together as raising substantially the same objections to the introduction of evidence, viz., (1) that the evidence offered of the contents of the policy was secondary; (2) that only a part of the contract of insurance was offered; and (3) that Murphree, who issued the policy, had not been shown to be the agent of the company. As to the last objection, it is sufficient to say, that if there was error in the ruling of the court as to Murphree's agency, it was cured, in that it was afterwards shown, that he was a member of the firm of Glenn & Murphree, and that they were agents of the defendant company at the time of the issuance of the policy.

If the first objection was good, it included the second. It is a familiar rule, that secondary evidence of the contents of a written private contract is not admissible until a sufficient excuse is shown for a failure to produce the contract itself.—*Home Protection of North Ala. v. Whidden*, 103 Ala. 203; *Lewis v. Hudmon*, 56 Ala. 186. The proof showed, that the policy was in the possession of Murphree, and though issued, it had not been delivered to plaintiff. There had been no notice to Murphree to produce the policy. He did testify that he did not know where the policy was, and that he could not find it. This was not a sufficient showing for the introduction of secondary evidence of the contents of the paper. The witness did not show where he looked for the policy, nor what the character of the search he made was,—whether

diligent or otherwise. He ought to have shown that he made a *bona fide* and diligent but unsuccessful search for it in the place where it was most likely to be found. The court erred in admitting and not excluding the evidence.—*Bogan v. McCutchen*, 48 Ala. 493 ; *Tanner v. Hall*, 89 Ala. 628 ; 1 Gr. Ev. 558.

2. Whether or not the policy was delivered after its issuance depended not upon its manual possession by the assured, after its issuance, but rather upon the intention of the parties as manifested by their acts or agreements ; for, as has been well said, "whatever the parties have agreed to as a delivery, or whatever their conduct shows to have been considered as a delivery by them, controls."—11 Am. & Eng. Encyc. of Law, 285, and authorities there cited ; *Home Ins. Co. v. Adler*, 71 Ala. 516, 526. The evidence tended, without conflict, to show that the contract of insurance was completed and put in writing, and the assured was notified by the agent that this had been done, and that the policy was in his possession for the plaintiff.

3. The defendant claimed that the policy had been cancelled under and according to a provision contained in it for the purpose, before the fire occurred. There was a plea setting up a cancellation as a defense, and the proof elicited by defendant from plaintiff's witness showed a condition in the policy which gave the company the right to cancel it, unless the premium was paid within five days after notice. The evidence was in conflict as to whether the premium was paid, and as to whether there was any notice for cancellation. The burden of showing the cancellation, when the undisputed evidence showed there was a completed contract, was on the defendant, and the evidence being in dispute, the question was properly submitted to the jury. The general charge for defendant was rightly refused.

Charge 2 requested by defendant was properly refused. *Jones v. State*, 115 Ala. 67 ; 3 Brick. Dig. 828, §§ 98–100 ; 29 Am. & Eng. Encyc. of Law, 812.

Reversed and remanded.