## OATES v. GLOVER.
### 6 Div. 524.

Supreme Court of Alabama.
March 22, 1934.

Rehearing Denied May 31, 1934.

Vassar L. Allen, of Birmingham, for appellant.

Wm. B. McCollough, of Birmingham, for appellee.

KNIGHT, Justice.

Action for deceit in the sale of an automobile.

The plaintiff stated his case originally in three counts, but count 2 was eliminated before the case was given to the jury or was charged out by the court.

To these counts the defendant filed demurrers, separately and severally, but, before the demurrers were passed upon, the plaintiff amended counts 1 and 3, and defendant refiled his demurrers thereto.

We deem it only necessary to say, with reference to counts 1 and 3, that they are substantially in the form prescribed by the Code, and were not subject to any ground of defendant's demurrer here argued. In fact, we scarcely see just how they could have been more specific, either in their averment of facts, or in the statement or averment of damages sustained by plaintiff. No special damages are claimed as supposed by appellant.

This being an action for deceit, if the plaintiff suffered no actual damage from the fraud, there would be no cause of action, and the plaintiff could not recover even nominal damages. Otherwise stated, "Since injury is not merely a consequence flowing from the fraud, but is an essential element of the wrong, there can be no recovery of nominal damages where the plaintiff fails to show injury sufficient to sustain an action of fraud." 27 Corpus Juris, § 227.

From the foregoing, as a necessary corollary, it would follow that if the plaintiff did sustain actual damages, as the result of the fraud, though the exact amount of the same in dollars and cents may not be shown, the plaintiff would at least be entitled to recover nominal damages.

The evidence on the issue of fraud, vel non, was in direct and sharp conflict. There was also evidence tending to show that the plaintiff suffered *some actual damage* from the wrong. The jury determined the issue, as to deceit in the sale of the automobile, in favor of the plaintiff, and there being some evidence also tending to show that plaintiff suffered some actual damage, such finding authorized the jury, under the evidence, in awarding the plaintiff at least nominal damages.

The plaintiff being entitled to nominal damages, the question of whether the jury was warranted in awarding plaintiff more than that amount could only be raised by proper motion for new trial. We have no such motion before us. Hence the question is not presented here for review.

Charge 7, requested by the defendant, was not only a mere argument, but, as a proposition of law, was unsound, and was refused without error.

While one who offers a witness upon the trial of a cause ordinarily vouches for his credibility, and will not be allowed to impeach him thereafter, yet he is not precluded thereby from proving facts contrary to the testimony of such witness. A party calling a witness is not absolutely bound by his statements, and while he may not impeach his witness, he may show the statements made by him are not true in fact, although this may incidentally discredit the witness. 28 R. C. L. p. 643; Phoenix Assur. Co. v. McAuthor, 116 Ala. 659, 22 So. 903, 67 Am. St. Rep. 154; Jones v. State, 115 Ala. 67, 22 So. 566; 3 Brick. Dig. 828, §§ 98–100; 29 Am. & Eng. Ency. of Law, 812.

The foregoing disposes of all questions presented on this appeal, and finding no errors, the judgment of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.