172 So. 349

PRESTWOOD v. BOHANNON.

7 Div. 238.

Court of Appeals of Alabama.

Feb. 2, 1937.

Scott & Dawson, of Fort Payne, for appellant.

J. A. Johnson, of Fort Payne, for appellee.

SAMFORD, Judge.

The injury complained of was done to plaintiff's fruit trees, shrubs, and potatoes by the defendant's hogs. It is declared by Mr. Chitty: "As the propensity of animals mansuetæ naturæ, as cows and sheep, to rove, is notorious, the owner is bound at all events to confine them on his own land; and if they escape, and commit a trespass on the land of another, unless through the defect of fences which the latter ought to repair, the owner is liable to an action for trespass, though he had no notice in fact of such propensity." 1 Chit. Plead. 82, 181. The foregoing is quoted with approval in Gresham v. Taylor, 51 Ala. 505.

The complaint in the instant case was grounded upon the above principles, and the evidence for the plaintiff tended to prove the cause of action. That being the case, the question became one of fact for the jury and, therefore, the court properly refused to give at the request of the defendant the general affirmative charge.

It is insisted by the defendant that the verdict rendered by the jury was excessive, but there is no motion for a new trial and no exception thereto appearing in

this record. That being the case, there is nothing presented for review, there being evidence which if believed authorized a verdict for the plaintiff. Richards v. Williams, 231 Ala. 450, 165 So. 820.

The damage done to plaintiff's trees, shrubs, and potatoes was the result of the depredation of a flock of goats and a bunch of hogs. It is impossible to separate the damage done by the goats from that done by the hogs, but there is evidence tending to prove that the defendant in this case had the care and control of both the hogs and the goats jointly with his son, and when it appears that two persons are the joint keepers of animals doing damage by trespass, either or both are liable for the damages, 3 Corpus Juris, 145 (455) d.

The excerpt from the argument of the plaintiff's counsel does not in any way infringe the rule against unfair argument. The trial judge did not err in overruling defendant's objection thereto.

Other questions presented were without merit.

We find no error, and the judgment is affirmed.

Affirmed.