146 So.2d 306

James R. FALLAW

v.

Roy Eugene FLOWERS et al.

6 Div. 849.

Supreme Court of Alabama.

Oct. 25, 1962.

Wyman C. Lowe, Atlanta, for appellant.

No attorney marked for appellees.

SIMPSON, Justice.

■ This is an appeal in an action for personal injuries by the plaintiff from a judgment in his favor rendered by the Circuit Court of Blount County. There was no jury and a judgment by default was taken and the trial judge assessed damages at $20,000. The plaintiff below, appellant here, claims the damages as assessed by the trial judge were inadequate, and urges that we increase the amount of recovery awarded. No motion for a new trial was made. The appeal clearly has no merit.

■ It is well recognized that where no motion for a new trial is made, any question concerning the weight of the evidence is not before our court for review. Harris .v. Martin, 271 Ala. 52, 122 So.2d 116, and cases cited.

■ Further, it is clearly enunciated by the cases that an excessive verdict cannot be reviewed by this court unless a motion for a new trial has been made and acted upon by the trial court. Central of Ga. Ry. Co. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832; Central of Ga. Ry. Co. v. Chambers, 197 Ala. 93, 72 So. 351; Lacey v. Deaton, 228 Ala. 368, 153 So. 650; Prestwood v. Bohannon, 27 Ala.App. 340, 172 So. 349; W. T. Rawleigh Co. v. Hannon, 32 Ala.App. 147, 22 So.2d 603; Shelley v. Clark, 267 Ala. 621, 103 So.2d 743; State v. Ferguson, 269 Ala. 44, 110 So.2d 280.

■ An apt corollary to these rules must be that this court cannot review the inadequacy of a judgment in such cases where no motion for a new trial is made on this ground. See Kraas v. American Bakeries Co., 231 Ala. 278, 164 So. 565 and cases cited therein; also Oates v. Glover, 228 Ala. 656, 154 So. 786. Appellant here had no adverse ruling on which to invite our review. We of course may not review any action of the lower court where the judge has made no ruling adverse to appellant on the question. Clancy Lumber Co. v. Howell, 260 Ala. 243, 70 So.2d 239; Life & Casualty Ins. Co. of Tennessee v. Womack, 228 Ala. 70, 151 So. 880.

The remittitur provision found in § 811, Tit. 7, Code of Ala. 1940 exists in certain circumstances as an exception to this rule. But nowhere in the code is any provision found giving our appellate courts the power to add to an alleged inadequate verdict, sometimes termed an *additur*, or *incresitur*. Thus we are without power to increase an inadequate award of damages in such cases not having the statutory authority. Kraas v. American Bakeries Co., supra.

It results from these considerations that the appeal is without merit.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.