## L. S. UPDEGROVE v. PENNA. SCH. V. R. CO.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF CHESTER COUNTY.

Argued February 10, 1890—Decided February 24, 1890.

1. An agreement, between a landowner and a railroad company to convey to the latter a right of way across the premises of the former, covers all damages, of whatever sort, suffered by the landowner, for which he is legally entitled to recover compensation: North & W. Br. Ry. Co. v. Swank, 105 Pa. 555; Hoffeditz v. Railway Co., 129 Pa. 264.
2. Wherefore, a release to a railroad company, by a landowner, of all

Statement of Facts.

claims for damages which may accrue by reason of the construction and maintenance of the railroad, is a bar to a recovery for injuries caused by a ditch and culvert constructed by the company upon its right of way subsequently to the original location and construction of the railroad.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 87 July Term 1889, Sup. Ct.; court below, No. 39 August Term 1887, C. P.

On October 29, 1888, the court below directed an issue between Levi S. Updegrove, as plaintiff, and the Pennsylvania Schuylkill Valley Railroad Company, as defendant, in pursuance of an appeal by the plaintiff from the report of viewers appointed to assess damages against the defendant for taking and occupying plaintiff's land in the construction of its railroad.

At the trial on May 15, 1889, it was made to appear that o September 15, 1883, when defendant's road was first constructed, the plaintiff executed to the defendant company a contract under seal, providing, in consideration of the sum of $500, the receipt of which was acknowledged, inter alia, as follows :

" And we do also, for ourselves, our heirs, executors, administrators, and assigns, hereby covenant and agree to execute and deliver to the said the Pennsylvania Schuylkill Valley Railroad Company, their successors and assigns, whenever requested, a proper deed of conveyance in fee-simple, clear of all incumbrances, and by good and satisfactory recorded title, for the strip or piece of ground upon which said railroad shall be located and constructed, said strip of ground to extend the whole length or breadth of the above-mentioned tract of land, if required, and to be not over eighty (80) feet wide, including such additional widths for slopes in deep cuttings, embankments, retaining walls, bridges, and drains, as may be required for properly constructing, maintaining, and operating said railroad, said strip of ground to be fully described in the said deed of conveyance ; and further, to release the said company, their successors and assigns, from all claims and demands for damages which may accrue to us, our heirs, executors, administrators, or assigns, by reason of the taking and using of the said land for said railroad, or by reason of the construction and mainte-

Charge of Court below.

nance of the said railroad on and over said tract or parcel of land."

It was further shown that in 1888, the defendant company dug a ditch on the western side of its appropriation, and a culvert across it, by which, as was claimed, the natural surface drainage was diverted, and an increased quantity of water thrown upon the plaintiff's land, which, being repeatedly overflowed, was rendered unfit for cultivation.

At the close of the testimony, WADDELL, P. J., charged the jury as follows:

The Pennsylvania Schuylkill Valley Railroad had a charter to construct a road from the city of Philadelphia to the city of Reading. That road runs through the northern part of this county, entering the county at Phœnixville, and leaving it this side of Pottstown. On the line of that road, in East Coventry township, Mr. Updegrove is the owner of some 105 acres of land. This road runs through that property. He claims before you that the location of that road through him, by reason of certain matters which have been presented, does him an injury, and therefore he is entitled to have at your hands compensation in the way of damages. . . . .

Mr. Updegrove says that by reason of the collection of certain waters into a ditch which is conveyed through the land of his neighbor, I think a Mr. Miller, in and upon his, Mr. Updegrove's land, and thence across the railroad in a culvert, discharged upon other lands of his, and from there down into the canal; that by reason of these ditches and this culvert his land is overflowed and he is thereby injured, and that the compensation which he received, and the release which he executed, does not cover the damage which he says he sustained in this matter. The defendant has asked us to say to you, that "under all the evidence in this case the verdict of the jury must be for the defendant." Whether or not we shall so say to you depends upon the construction we put upon this evidence and this release. If these damages which Mr. Updegrove says he has suffered, and for which he asks compensation at this time, are the result of the construction of the road through him, then we say to you that he has released those damages.

[As it strikes the mind of the court, these ditches and this

culvert, and this discharge of water, is the result, the necessary result, of the construction of that road.] [1]   Whether it is built in a way that Mr. Updegrove would like to have it, or whether it is built in a way which he would have built it, are questions which we are not called upon to consider here or determine. The road, in the estimation of the court, is built in a way which the railroad company felt called upon to build it, and when this release of damages was given for the construction of the road, we must consider, or we must determine, that Mr. Updegrove expected the road constructed in the manner contemplated by the railroad company.   He could not undertake to dictate to them how it should be constructed.   [He must depend upon their judgment as to the manner.   When he released them from all damages resulting from the construction of the railroad, it was contemplated that it should be built in the way which they thought public necessity required.] [2]   Thus, you will see, that in the opinion of the court the damages which have been testified to here, and which have been presented to you for your consideration, grow out of the construction of this railroad. If that is so, as we have said to you, then [in our opinion Mr. Updegrove released the company from all damages resulting from the construction of the road, and under these circumstances, and under the view which we thus take of the testimony and the release, we must affirm the defendant's point, which is, that " Under all the evidence in this case the verdict of the jury must be for the defendant."] [3]

The jury returned a verdict for the defendant.   Judgment having been entered thereon, the plaintiff took this appeal assigning for error: 1–3. The parts of the charge included in [  ] [1 to 3]

*Mr. R. Jones Monaghan* (with him *Mr. J. Howard Jacobs* and *Mr. Wm. M. Hayes*), for the appellant.

Counsel cited: Angell on Water-courses, § 108 j.; Kauffman v. Griesemer, 26 Pa. 407 ; Miller v. Laubach, 47 Pa. 154 ; Penna. Coal Co. v. Sanderson, 113 Pa. 146 ; Huddleston v. West Bellevue Bor., 111 Pa. 110 ; Penna. etc. R. Co. v. Walsh, 124 Pa. 544 ; Penna. etc. R. Co. v. Ziemer, 124 Pa. 571 ; 3 Wood's Ry. Law, § 425 ; Express Co. v. Sands, 55 Pa. 140 ;

Penna. R. Co. v. Butler, 57 Pa. 337; Grogan v. Express Co., 114 Pa. 528; Penna. R. Co. v. Raiordon, 119 Pa. 581; McClinton v. Railroad Co., 66 Pa. 409; Del. etc. R. Co. v. Burson, 61 Pa. 369.

*Mr. John J. Pinkerton*, for the appellee, was not heard.

In the brief filed, counsel cited: North & W. Br. Ry. Co. v. Swank, 105 Pa. 555; New York etc. R. Co. v. Young, 33 Pa. 182; Parke's App., 64 Pa. 140; Struthers v. Railway Co., 87 Pa. 283; Cleveland etc. R. Co. v. Speer, 56 Pa. 334; Hoffeditz v. Railway Co., 129 Pa. 264.

PER CURIAM:

It was decided in Railway Co. v. Swank, 105 Pa. 555, that "an agreement between a landowner and a railroad company to sell the latter a right of way across the premises of the former, covers all damages, of whatever sort, suffered by the landowner; all for which he is legally entitled to compensation." The same principle was recognized in the later case of Hoffeditz v. Railway Co., 129 Pa. 264. In the latter case the plaintiff had, for the consideration of $1,000, released the company from all suits, claims, demands, and damages whatever, for, upon, or by reason of their entry upon and taking and occupying the land on which the railroad was built, and the location and construction of said railroad and works connected therewith. The plaintiff brought suit to recover damages for the flooding of his land. His allegation was that the culvert built by the company to carry off the water was too small for that purpose in times of freshets, and that the construction of the road caused a larger body of water to accumulate at that particular spot than had been the case before such construction. Upon the trial of that case, the court below reserved the question whether the release was a bar to a recovery by the plaintiff, and subsequently entered judgment thereon for the defendant, which was affirmed by this court. It was said in the opinion that "we are unable to see any ground upon which the plaintiff could rest a claim for damages."

The cases cited rule the one in hand. The defendant company obtained from the plaintiff a release for the right of way of eighty feet in width across said farm. The agreement fur-

ther released the said company from all claims for damages by reason of the taking and using of the land for said railroad, or by reason of the construction and maintenance of the said railroad, on and over said tract of land.  The plaintiff contended that about six acres of his land was repeatedly overflowed and rendered unfit for cultivation, by reason of the construction of a ditch and culvert by the railroad company, which he alleged threw water upon his land which would not have otherwise flowed there.  The learned judge below instructed the jury that " these ditches and this culvert, and this discharge of water, are the result, the necessary result, of the construction of that road."  We see no error in this.  It is in direct line with the rulings of this court in the cases above cited.  A release of the right of way to a railroad company would be a vain thing, if the company is to be subsequently subjected to litigation, for every injury or damage resulting to the property by reason of the construction of the road.  All these matters are supposed to be in the contemplation of the parties when the company pays its money for the right of way, and obtains a release therefor.

Judgment affirmed.