S. J. BRILEY, *et al.*, v. LOUIS H. WINTER.

149 So. 602.
Division B.
Opinion Filed July 18, 1933.

*Pleus, Williams & Pleus* and *G. P. Garrett*, for Plaintiff in Error;

*T. C. Corkman*, for Defendant in Error.

BUFORD, J.—The defendant in error here was plaintiff in the court below in a suit in ejectment. He sought to recover a certain strip of land described in the declaration as follows:

"All that certain strip or parcel of land lying between a wire fence recently erected over and across the southern portion of Government Lot 1 of Section 24, Township 22 South, Range 26 East, and a line commencing 15 feet south of the intersection of said wire fence with a fence running north and south along the western boundary of said government lot 1 and extending in an easterly direction to a point at the high water mark of Lake Apopka 40.8 feet south of the intersection of said wire fence with high water mark of the said Lake."

Winter was owner of Government Lot 1 in Section 24, Township 22 So., Range 26 East, while the defendants, who are plaintiffs in error here, owned the North Half of the Southwest Quarter (N½ of SW¼) of that section. They acquired title in June, 1928. In March, 1918, R. L. Nutt was the owner of the last described parcel of land and at that time the line between the two parcels of land was established by the County Surveyor of Lake County, one Lacey, and was later re-established by one Gillespie.

The record shows that Winter acquired title to the property, Government Lot 1, from his wife and that Mr. and Mrs. Winter had owned and been in possession of the property for a period of less than seven (7) years when the survey was made by Lacey and the line established. There was an agreement between the Winters and Nutt that a private roadway should be established on the line. It appears that the line as established was about 15 feet North of the location where Winter had assumed the line to be and that there was an agreement between the Winters and Nutt that this 15 feet, together with an additional 15 feet would be kept open as a roadway to be used by the parties and they agreed to make and execute deeds which would effectuate this purpose, but they did not make the deeds. Later Nutt sold his property and by mense conveyances the title was vested in the appellants here who disregard the agreement concerning the roadway and established a fence ten (10) inches South of the line established by Lacey. Winter brought suit to recover this strip of land which had been used as a part of the roadway.

As we read the record, there is no evidence that the Winters, or either of them, acquired by any means whatever any title to any part of the North Half of the Southwest Quarter of Section 24, Township 22, S., Range 26 East. Neither is there any evidence that the defendants in the

court below, plaintiff in error here, ever took possession of, or were ever in possession of any lands lying and being in Government Lot 1, *supra*. The agreement of Nutt in regard to the use of the lands in dispute for a roadway constituted a mere license on his part to Winter and as that license was oral and without consideration, it had no legal binding effect and could be revoked at will.

The record shows, as heretofore stated, that the Winters had not acquired any title by adverse possession because they had been the owners and in possession of Government Lot 1 less than seven (7) years and they had no color of title to any lands south of the south line of Government Lot 1. They could acquire no title by the use of the roadway subsequent to the agreement with Nutt because the record shows that there was never any agreement for them to have an *exclusive* use of that strip of land as a roadway, but it was to be used by them and Nutt and any other persons who might wish to travel it.

For the reasons above stated, this case is to be differentiated from that of Watrous v. Morrison, 33 Fla. 261, 14 Sou. 806, 39 Am. St. Rep. 139, and is not ruled by the opinion and judgment in that case.

We find the record discloses no questions of debatable law to be determined. The only question presented here is whether or not the plaintiff in ejectment carried the burden of proving his title and right of possession to the property involved and we have been unable to find in the record any substantial evidence of such title or legal right of possession, for which reason the judgment should be reversed and it is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.