**Helen I. SMITH, a widow,**

v.

**SEABOARD AIR LINE RAIL-ROAD COMPANY.**

**No. 14844.**

United States Court of Appeals
Fifth Circuit.

Sept. 10, 1954.

Rehearing Denied Oct. 11, 1954.

**366**

Malcolm Lewis Kneale and Malcolm S. H. Kneale, Kneale & Kneale, Miami, Fla., for appellants.

John M. Kelley, Jr., Richard E. Cotton, Harry N. Boureau, Shutts, Bowen, Simmons, Prevatt & Julian, Miami, Fla., for appellee.

Before HOLMES and STRUM, Circuit Judges, and THOMAS, District Judge.

HOLMES, Circuit Judge.

This is not a suit in equity for a mandatory injunction, but is a common law action for monetary damages for the wrongful taking and use by appellee of appellant's land. The case is hinged by appellant, as a focal point, on a distinction between a suit in equity to compel another to do something or prohibit one from committing specific acts and a civil action merely seeking compensation for what has been done. Each side moved for a summary judgment; the court below granted the motion of the defendant; we think that both motions should have been overruled, and the issue of estoppel submitted to the jury.

The complaint alleged that the corporate defendant constructed a railroad track on certain land owned by the plaintiff in fee, subject to an easement for a public street in the city of Hialeah, Florida; that, as defendant began constructing same, the plaintiff made a demand upon it to desist from further construction work on said track and to remove that portion of the track that was laid. Damages were alleged and compensation for the use of the land was sought, together with an item of special damages in that defendant not only extended its tracks completely across plaintiff's property, but beyond it. The complaint also alleged that the defendant maintained a certain pile of crossties thereon, which was unsightly and a nuisance. The defendant admits the laying and extension of the track, but denies that this reduced the value of plaintiff's land. The answer sets up as a defense that a certain agent of the plaintiff, and a former co-owner, replatted this particular property and thereby dedicated this land to said city for proper public purposes.

The appellant is the fee simple owner of land on which an easement for public streets and avenues has been granted to the said city of Hialeah; she also owns lands adjacent and contiguous to certain of these streets and avenues on which the railroad tracks were constructed under an easement granted by the city. Not owning the fee, but having only an easement for limited purposes, the municipality of Hialeah had no authority to grant the appellee permission to do what it has done and is doing. Seaboard Air Line Ry. v. Southern Investment Company, 53 Fla. 832, 44 So. 351. Having no written permission from any present or former owner of the land in question, the appellee must rely upon its plea of estoppel, which we think pre-

sents several genuine issues of fact for the jury.

■ The appellee's major premise, in the words of its attorneys, is that it entered and laid its tracks upon and along Southeast 10th Avenue with the consent of the appellant, such consent having been conveyed by her lawful agents, acting within the scope of their authority; and that appellant, by virtue of the acts and representations of her agents and joint adventurer, is estopped from revoking the license and right of way thus granted to the appellee. The appellant, by her affidavit, solemnly denied that such agents had authority to make any such statements or representations; and she further swore that she did not at any time, directly or indirectly, authorize Garris, Mueller, or Helliwell to negotiate with the appellee to build tracks or maintain railway facilities upon or across her property or the street dedicated to the public. The dispute as to whether or not any agent had such authority or made such statements constituted a genuine issue of fact for the jury.

■■ Underlying this issue of fact is the principle of law, in Florida, that an oral conveyance of an interest in land is invalid, but we recognize that, where the owner of property urges or induces a railroad company to locate its road upon the adjacent street or gives his consent thereto, he may, after the invitation or consent has been acted upon, be estopped from claiming damages in a suit against the company. Canell v. Arcola Housing Corp., Fla., 65 So.2d 849, 851; Lewis' Eminent Domain, Vol. 1, p. 322, Vol. 2, p. 1354. Section 725.01 Florida Statutes 1951, F.S.A., known as the statute of frauds, provides that no action shall be brought upon any contract for the sale of lands or any interest therein unless the agreement upon which such action shall be brought shall be in writing and signed by the party to be charged therewith or by some other person thereunto

lawfully authorized. See also Briley v. Winter, 111 Fla. 501, 149 So. 602. Neither the appellee nor the city has a deed to the street or roadway, the city's right being only an easement, which is subject to the appellant's fee simple reversionary interest and her rights as an adjacent property owner. What those rights are depends upon the local law of Florida, and it is not necessary to determine them at this time except with reference to the operation of a steam railroad and the laying of railway tracks over and across a public street.

■■ Prima facie the appellant, who is the abutting owner, has the fee to the middle of the street, subject to the easement in favor of the public; her right to use the street is as much property as the soil itself; and, under the constitutional guaranty, where the public has only an easement in the street, a steam railroad cannot lawfully be constructed and operated thereon against her will without compensation. Unauthorized sales talk by real estate agents is not sufficient to estop the appellant from asserting whatever rights she otherwise has under the laws of Florida. Seaboard Air Line Ry. v. Southern Inv. Co., 53 Fla. 832, 44 So. 351; Atlantic Coastline R. Co. v. Kickliter, 159 Fla. 516, 32 So.2d 166; Theobold v. Louisville, N. O., & T. Ry. Co., 66 Miss. 279, 6 So. 230, 4 L.R.A. 735, 14 Am.St.Rep. 564; Kramer v. City of Lakeland, Fla., 38 So.2d 126; 18 Am.Jur. 829; Eminent Domain, Section 198, Private Railroads; 10 McQuillin, 772, 3rd. Ed., Section 30.-109; Thompson on Real Property—Permanent Ed., Specific Easements, Sec. 490.

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judge Strum sat during the oral argument of this case but, due to illness, took no part in this decision.