Appeal from a judgment entered on a decision of the Court of Claims. Claimants are the owners of property used for hotel purposes in which land was acquired by the State for a highway. Claimants also contend they are the owners of a right of way running from their land over an adjacent parcel, owned by other parties, to the west. The State highway continued in a westerly direction over the adjacent parcel and crossed the point where claimants contend their right of way existed. The Court of Claims did not decide whether claimants had met the burden of proof of establishing the existence and ownership of the right of way; but decided that if it existed it had been released. On June 21, 1950 claimants entered into a written agreement with the State by which they agreed to accept $5,000 in compensation *1042 for the property appropriated on the map on file in the office of the Department of Public Works which showed where the road would cross both the parcel to which claimants had title and the adjoining parcel. The agreement included “ all damages to the remainder of claimants’ property ”. On May 19, 1951 claimants executed a further instrument which released the State from all damages to the remainder of claimants’ property and from any claims “by reason of any ⅝ * “ rights of way * * * adjacent to or abutting on the above mentioned property A right of way is to be valued in connection with the dominant estate to which it attaches (Matter of City of New York [West 10th St.], 267 N. Y. 212, 222), and damage for its taking is measured by the effect on the remainder of the dominant estate (South Buffalo Ry. Co., v. Kirkover, 176 N. Y. 301). Hence, the agreement and the release included the easement, assuming its valid existence. Claimants argue that there was a mutual mistake of fact in executing the agreement and release; but they have not established that the State was mistaken; and, indeed, their own purported mistake was not that they did not know when they executed the agreement and release for $5,000 that the road would cross the right of way; but rather that they did not know there would be a difference in the grade of the highway at that point. “I assumed”, testified one of the claimants, “that the highway would never have that low cut below our road that was crossing over.” This is not the “mutual mistake” of fact for which the court would disregard the settlement and release. Judgment dismissing the claim unanimously affirmed, with costs to the respondent.
[4 Misc 2d 423.]
Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.