[No. 34614. Department One. September 11, 1958.]

CHARLES O. HORN et al., *Respondents*, v. KING COUNTY, *Appellant.*

CHARLES S. KING et al., *Respondents*, v. KING COUNTY, *Appellant.*[1]

*Clifford C. Benson*, for respondents.

*Charles O. Carroll* and *Charles R. Lonergan, Jr.*, for appellant.

OTT, J.—Charles O. Horn and Hilda E. Horn, his wife, and Charles S. King and Carrie B. King, his wife, commenced separate actions against King county to recover for damages occasioned by an alleged change in an established grade of

[1]Reported in 329 P. (2d) 661.

the road adjacent to their property, located in an unincorporated area in the county. (The actions were consolidated both for trial and appeal.)

King county's answer to the complaints denied that there had been a "change" in grade, for the reason that no grade was previously established, and, as an affirmative defense, alleged that the plaintiffs, for a valuable consideration, had executed deeds to the county for a right of way through their property for the purpose of "establishing a public road." The deeds provided as follows:

"The grantors herein Charles Horn and Hilda E. Horn, his wife, for the consideration of Donation . . . and also of benefits to accrue to them by reason of laying out and establishing a public road through their property, and which is hereinafter described, convey, release, and quitclaim to the County of King, State of Washington, for use of the Public forever, as a public road and highway, all interest in the following described real estate, viz.: The West 10 feet of the East 30 feet of the South ½ of the SW¼ of the SE¼ of the NE¼ of Section 12, T. 26 North, Range 3 East, W.M., containing 0.08 acre, more or less. R/W 1st Ave. N.W. together with the right to make all necessary slopes for cuts and fills upon the abutting property, and on each side of said described right-of-way, in conformity with standard plans and specifications for highway purposes, and to the same extent and purpose as if the rights herein granted had been acquired by condemnation proceedings under Eminent Domain statutes of the State of Washington, situated in the County of King, State of Washington.

"Dated this 15th day of December, A. D. 1953."

"The grantors herein CHARLES S. KING and CARRIE G. KING for the consideration of ONE AND No/100 Dollars and also of benefits to accrue to them by reason of laying out and establishing a public road through their property, and which is hereinafter described, convey, release, and quitclaim to the County of KING, State of Washington, for use of the Public forever, as a public road and highway, all interest in the following described real estate, viz.: East 30 ft. of the NE¼ of the SW¼ of the SE¼ of the NE¼ of Sec. 12 T. 26 N. R. 3 EWM. Containing 0.23 acres more or less. R/W 1st Ave. N.W. together with the right to make all necessary slopes for cuts and fills upon the abutting property, and on each side of said described right-of-way, in conformity with standard plans and specifications for high-

way purposes, and to the same extent and purpose as if the rights herein granted had been acquired by condemnation proceedings under Eminent Domain statutes of the State of Washington, situated in the County of KING, State of Washington.

"Dated this 29th day of July, A. D. 1953."

The reply admitted the execution of the deeds. Prior to trial, the county's motion for judgment of dismissal on the pleadings was denied. At the trial before a jury, the deeds were admitted in evidence without objection. Timely challenges to the sufficiency of the evidence, and motion for nonsuit, were made and denied. The jury returned verdicts for the plaintiffs. Defendant's motion for judgment notwithstanding the verdicts was denied, and judgments were entered upon the verdicts. The county has appealed.

The evidence discloses that a previous common owner intended that a forty-foot strip of land be used for roadway purposes, but a formal dedication was never officially effected; that, in the deeds to the respondents, a forty-foot strip for road purposes was reserved; that, of this right-of-way area, only twelve to fourteen feet were used for road purposes; that the road followed the natural contour of the land in varying grades up to twenty-five per cent; that, when the area became more inhabited, there was a demand that the county grade and improve the road. The county required a sixty-foot right of way for this purpose. The adjacent property owners (including the respondents) deeded to the county the additional twenty feet for the purpose of "establishing a public road."

█ We are here concerned solely with the question of whether appellant's right to construct a roadway on the deeded ground was in any way limited or restricted by the deeds it received from the respondents. We can find no limitations or restrictions therein. Respondents granted the right of way to the appellant for the purpose of "laying out and establishing a public road," including "the right to make all necessary slopes for cuts and fills . . . in conformity with standard plans and specifications for highway purposes."

There is no contention here that the road, as established by the county, did not meet the approved standards and specifications for highway purposes, as contemplated by the deeds. Nor is there any contention that the deeds were obtained by fraud or misrepresentation, or that a mutual mistake of fact existed in the minds of the parties when the deeds were executed and delivered.

Further, the deeds provided that, for a valuable consideration, the respondents conveyed to the county the right of way "to the same extent and purpose as if the rights herein granted had been acquired by condemnation proceedings under Eminent Domain statutes of the State of Washington."

With reference to the damages which are included in a condemnation proceeding, RCW 8.08.040 [cf. Rem. Supp. 1949, § 3991-9] provides:

". . . that determination be had of the compensation and damages to be paid all parties interested in the land, . . . together with the injury, if any, caused by such taking or appropriation to the remainder of the lands, . . . or other property from which the same is to be taken and appropriated, . . ."

Had the county condemned the property for road purposes, all damages resulting therefrom would have been fully determined in the condemnation proceedings. Since the deeds convey to the county the same rights which it would have received by condemnation, we must conclude that the consideration for the deeds included full compensation for any damages resulting from the alleged change in grade.

For the reasons stated, we conclude that the court erred in refusing to dismiss the causes of action.

The judgments are reversed, with instructions to the trial court to enter judgments of dismissal.

HILL, C. J., MALLERY, FINLEY, and HUNTER, JJ., concur.

December 19, 1958. Petition for rehearing denied.