161 So.2d 805

**SOUTHERN FURNITURE MFG. CO., Inc., et al.**

v.

**MOBILE COUNTY.**

I Div. 923.

Supreme Court of Alabama.

Oct. 31, 1963.

Rehearing Denied March 26, 1964.

D. R. Coley, Jr., Thos. M. Galloway, Collins, Galloway & Murphy, and David R. Coley, III, Mobile, for appellants.

Maurice F. Bishop, Birmingham, and Jas. E. Moore, Mobile, for appellee.

LIVINGSTON, Chief Justice.

This is a condemnation proceeding instituted by Mobile County to acquire the right to deposit fill material or spoilage excavated from a new highway on two parcels of land of the defendants. Title to the areas was to remain in the defendants and be free of the easement within two years of the date of the taking. The right to condemn was stipulated by the parties and the only question before the courts below was the amount of damages, if any. In late 1940 and early 1950, plans were discussed for a belt-line highway around Mobile. Surveys were made in 1953 and 1954, and these indicated that the highway would go through the 279-acre tract owned by the defendants.

The subject property was acquired in May of 1953 by Delaney Realty Company for $214 per acre. This was conveyed to defendant corporation in November of the same year. Some 45 acres of this land was subsequently conveyed to another corporation for the construction of the Springdale Plaza shopping center.

On October 18, 1955, a deed to about 32.2 acres for the highway right of way was given by the defendant corporation for one dollar and "the benefits accruing to it and to the public from the construction of a four-lane paved belt line highway leading from U. S. Highway 90 to U. S. Highway 45 running through the lands of the grantor in Mobile County." Later, certain agreements were reached with the state and the federal government and it was decided to

construct a nonaccess highway, bordered by a wire fence.

The lands in question were located almost entirely in what is known locally as "Wragg Swamp," a low, marshy area covered with ponds of water and intense vegetation. Because of the condition of the area, it was thought necessary to build a drainage ditch or canal across defendant's property. It was also necessary to remove much of the soil and organic matter in order to have a substantial base on which to construct the highway. It was for a place to dispose of this spoilage that the parcels of land in question were sought to be condemned.

On December 31, 1958, the County of Mobile filed the necessary application for condemnation in the Probate Court of Mobile County, Alabama. On January 28, 1959, pursuant to Title 19, Sec. 7, Code of Alabama 1940, the application was granted and commissioners were appointed under Sec. 11 of that title to assess damages and compensation, if any, to which the landowner was entitled. The commissioners, acting under Title 19, Sec. 13 of the Code of Alabama 1940, filed a report with the probate court assessing damages at one dollar, and on that date that court entered an "Order Filing Report of Commissioners."

On March 4, 1959, defendant, Southern Furniture Manufacturing Company, Inc., filed an appeal to the circuit court from that order under Title 19, Sec. 17, Code of Alabama 1940. On March 12, 1959, Mobile County paid the assessed sum into the court and the court entered another order entitled "Payment of Award Into Court" which appellee insists was the final order of condemnation contemplated by Title 19, Sec 17, supra.

On May 18, 1960, the county filed in the circuit court a motion to dismiss on the grounds that the purported appeal was premature and not based on the proper order of the probate court. The trial court denied this motion on May 22, 1960.

A jury trial was had which extended from May 30, 1960 to June 23, 1960. A verdict of "no dollars" was rendered on the latter day, and the order of condemnation was entered in the circuit court. The present appeal is from that order.

The appellee has filed in this Court his motion to strike the transcript of record in this cause, and in the alternative to dismiss the appeal. Inasmuch as we are writing to affirm the case, these motions are unimportant, and we will forego a discussion of them.

Appellant has filed 56 assignments of error in this case. The first of these is to the order of the trial court granting the county's motion for the court to make available for examination certain documents. These were documents, letters, agreements, leases, etc., in the possession of E. E. Delaney and/or the corporation which erected Springdale Plaza and those of D. H. Roberts, the realtor who handled the Springdale Plaza project, which would tend to show the value of that property. The information sought was to include the minimum and average percentage of income rate, the length of the property leases, the names of the lessees, etc. We see no reason to hold the trial court in error for granting the motion. Title 7, Sec. 474(1) et seq., Code of Alabama 1940, Recompiled 1958 (commonly known as Act 375) provides that "[a]ny party may take the testimony of any person, including a party, by deposition upon the oral examination for the purpose of discovery, or for use as evidence in the action or for both purposes." This statute was held constitutional and applicable in civil cases in Ex Parte Rice, 265 Ala. 454, 92 So.2d 16. Due to the fact that the Springdale Plaza shopping center was located on adjoining property which had once been a part of the original tract in question and the additional fact that it had recently been sold and was under development, information concerning its income seems highly pertinent. In a case of this nature, the trial judge must, of necessity, be vested with a certain amount of discretion. In National Bondholders Corporation v. McClintic, 4 Cir., 99 F.2d 595, a case

construing the Federal Rules of Civil Procedure, from which the Alabama statute in question was substantially adopted, the court held:

"The new rules wisely provide for flexibility of administration, and with regard to the taking of depositions for discovery or otherwise a discretion is vested in the district judge to measurably control the otherwise freedom of the taking of depositions * * *."

Clearly, there was no abuse of discretion in the instant case.

The pivotal question in the case is whether or not the trial court correctly charged the jury, in effect, that it could take into consideration the enhanced value of the 202 acres of land in assessing the damages, if any, by the depositing of the spoilage material on the two tracts of land, one of 22 acres and one of 14 acres, and the cutting of drainage canal or ditch across a portion of the said 202 acres.

As stated by the appellant:

"The defendant asserted that in determining the amount of damage it was entitled to receive in the cause as compensation for the taking of the land described in the petition for condemnation for the purposes described therein, the court could not offset as against said damage any enhancement to the remaining land of the defendant, of which the lands involved in the cause constituted a part."

We think that a given written charge for the appellee and a refused written charge to the appellant point up the errors complained of.

Written Charge F, given for appellee, is as follows:

"I charge you, gentlemen of the jury, that in determining the issue whether there has been enhancement to the property involved in this proceeding, you are to consider the entire 202 acre tract of the respondents. You should then arrive at an opinion, based on the evidence, of the value of this 202 acre tract before any taking which before value must exclude any enhancement in value brought about by reason of the proposed improvements. You should then determine from the evidence the reasonable market value of the 202 acre tract after the taking and after the fill material has been placed on the 36 acre fill easements and after the highway and drainage canal have been completed, giving effect in the after value to any enhancement in value to the 202 acre tract brought about by reason of the construction of the new highway, the construction of the drainage canal, and the nature of the material placed on the fill easement. If you are reasonably satisfied from the evidence that the amount or value of such enhancement exceeds any damages and the value of the use of the fill easement for a 2 year period, then the respondents are not entitled to any payment or compensation in this proceeding, and the amount of your verdict should be no dollars."

Appellant's refused written Charge 11 reads as follows:

"The Court charges the Jury that in considering the amount of damages to which the Defendant is entitled in this case, if any, you cannot take into consideration the enhancement of value, if any, resulting from the construction of the improvements contemplated as to any property not described in the petition."

After the jury had retired, they returned to the courtroom for further instructions and propounded the following question to the trial judge:

"Yes, sir, it means that if this enhancement is more than the damage he gets no dollars is what the Court is charging us to find?"

The trial court then stated:

"That is based on the entire charge. In other words, you've got to consider all of the elements that are in this Charge F. In other words, the Court in this the Court charged you:

"I charge you gentlemen of the Jury to determine the issue whether there has been enhancement to the property involved in this proceeding you are to consider the entire 202 acre tract, you would then arrive at an opinion based on the evidence of the value of the 202 acre tract, before any taking. The date of the taking is fixed by agreement. Not by agreement but by the filing of the, by the law as the 31st day of December, 1958, which before value, that is the value before the taking must exceed any enhancement to the value brought about by reason of the proposed improvements, you should then determine from the evidence the reasonable market value of the 202 acre tract after the taking and after the fill material has been placed on the 36 acre fill easement and after the highway and drainage canal have been completed, giving effect in the after value, the value after the taking, to any enhancement in value to the 202 acre tract brought about by means of the construction of the new highway, the construction of the drainage canal and the nature of the material placed upon the fill easement. If you are reasonably satisfied from the evidence that the amount of value of such enhancement exceeds any damages and the value, together with the value of the use of the fill easement for a two year period, then the respondents are not entitled to any payment of compensation in this proceeding and the amount of your verdict should be zero dollars. You have to take all of this into consideration, all of the elements in that written charge. Now is that the answer to your question, gentlemen?"

There is some evidence in the record to the effect that Mr. E. E. Delaney, the principal and controlling stockholder of the defendant corporation, requested that the highway be situated in its present location. There is also evidence in the record to the effect that the spoilage material was to be deposited on the west side of the highway, and that at the request of Mr. Delaney that plan was changed and the spoilage area was divided, some on the west side and some on the east side of the highway; and that Mr. Delaney promised orally to execute a release of all damages which might occur to the remaining lands, but that he never executed the release.

As before stated, the deed of Southern Furniture Manufacturing Company, Inc., conveyed to Mobile County, in consideration of the sum of $1.00 cash in hand paid, and "for the further consideration of the benefits accruing to it and to the public of the construction of a four-lane paved belt line highway leading from U. S. Highway 90 to U. S. Highway 45, and running through the land of the Grantor in Mobile County." This parcel of land contains 32.3 acres. The deed further recites:

"For the consideration herein stated, the Grantor does hereby release Mobile County and all of its employees and officers and the State of Alabama and all of its employees and officers from all consequential damages, present or prospective, *to the adjacent property* of the Grantor, arising out of construction, improvement, maintenance or repair to such road, except such as may have been wilfully done; and the Grantor admits and acknowledges that the construction of said 4-lane highway is a benefit to its property." (Emphasis supplied.)

Throughout the trial, the theory on which the appellant sought to try its case was, that the enhanced value of the 202 acres of land, by building of the highway, should be considered separate and apart from the condemnation proceeding, and that if the en-

hanced value of the 202 acres was decreased by the digging of the canal or ditch and the depositing of the spoilage materials on the two areas, that he is entitled to compensation for it.

We cannot agree. Unquestionably, the building of the highway enhanced the value of the 202 acres tremendously. The appellant admitted in its deed to the county that the building of the highway was a benefit to its remaining property.

It is undisputed that the fill areas constitute a part of the original plans of the highway and were an integral part of it.

■ A oral release acted upon by the County of Mobile and the spending of public funds in reliance upon said oral promise is effective, Markiewicus v. Town of Methuen, 300 Mass. 560, 16 N.E.2d 32; Messinger v. Township of Washington, 185 Pa.Super. 554, 137 A.2d 890; and the landowner is estopped from claiming damages, if any, resulting from the deposit of fill material. Hamrick v. City of Albertville, 238 Ala. 82, 189 So. 545; Town of New Decatur v. Scharfenberg, 147 Ala. 367, 41 So. 1025; Forney v. Calhoun County, 84 Ala. 215, 4 So. 153; Smith v. Seaboard Air Line Railroad Co., 5 Cir., 215 F.2d 365.

■ It is also to be noted that the release contained in the deed released Mobile County and all of its employees and officers and the State of Alabama and all of its employees and officers from consequential damages, present or prospective, to the *adjacent property of the grantor.*

We think this release is effective because it is undisputed that the fill areas and the canal are on adjacent property of the appellant. Poynter v. County of Ottertail, 223 Minn. 121, 25 N.W.2d 708; Levinson v. State, 4 Misc.2d 423, 158 N.Y.S.2d 180. See also Updegrove v. Pennsylvania S. V. R. Co., 132 Pa. 540, 19 A. 283; Horn v. King Co., 52 Wash.2d 839, 329 P.2d 661.

■ Appellant argues that the exception contained in the release "excepts such as

may have been willfully done" sustains his position because, unquestionably, the spoilage material was willfully placed on the two areas in question and the canal was willfully constructed. "Willfully done" as used in the release does not mean merely intentionally done, but involves an element of wrongdoing or intent to do harm without just cause or legal excuse. As was said in Birmingham Railway and Electric Co. v. Bowers, 110 Ala. 328, 20 So. 345:

"* * * To constitute a willful injury, there must be design, purpose, and intent to do wrong and inflict the injury."

■ We have made no attempt to discuss in detail the 56 assignments of error. Most, if not all, of the assignments relate to the question of the inadequacy of the damages assessed by the jury, and many of them are joined together and argued in bulk in the briefs. Where one of them is without merit, the others will not be considered. Moreover, the plaintiff made no motion for a new trial. Where excessive or inadequate damages are not complained of in condemnation proceedings, error, if any, cannot work a reversal where the landowner-appellant had not complained specifically that the compensation awarded was inadequate. State v. Peinhardt, 270 Ala. 627, 120 So.2d 728; Fallaw v. Flowers, 274 Ala. 151, 146 So.2d 306; State of Alabama v. Ferguson, 269 Ala. 44, 110 So.2d 280.

In State v. Peinhardt, supra, it was said:

"The parts of the oral charge of which complaint is made and the written charge relate to the method of computing compensation. Error, if any, in the giving of such instructions cannot work a reversal since the State has not complained specifically that the compensation awarded was excessive. Birmingham Belt R. Co. v. Hendrix, 215 Ala. 285, 110 So. 312; Lehigh Portland Cement Co. v. Higginbotham, 232 Ala. 235, 167 So. 259."

**328**

In Fallaw v. Flowers, supra, it was said:

"Further, it is clearly enunciated by the cases that an excessive verdict cannot be reviewed by this court unless a motion for a new trial has been made and acted upon by the trial court. Central of Ga. Ry. Co. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832; Central of Ga. Ry. Co. v. Chambers, 197 Ala. 93, 72 So. 351; Lacey v. Deaton, 228 Ala. 368, 153 So. 650; Prestwood v. Bohannon, 27 Ala.App. 340, 172 So. 349; W. T. Rawleigh Co. v. Hannon, 32 Ala.App. 147, 22 So.2d 603; Shelley v. Clark, 267 Ala. 621, 103 So.2d 743; State v. Ferguson, 269 Ala. 44, 110 So.2d 280.

"An apt corollary to these rules must be that this court cannot review the inadequacy of a judgment in such cases where no motion for a new trial is made on this ground. See Kraas v. American Bakeries Co., 231 Ala. 278, 164 So. 565 and cases cited therein; also Oates v. Glover, 228 Ala. 656, 154 So. 786. Appellant here had no adverse ruling on which to invite our review. We of course may not review any action of the lower court where the judge has made no ruling adverse to appellant on the question. Clancy Lumber Co. v. Howell, 260 Ala. 243, 70 So.2d 239; Life & Casualty Ins. Co. of Tennessee v. Womack, 228 Ala. 70, 151 So. 880."

We are of the opinion that the evidence discloses that the 202-acre tract of land of appellant was tremendously enhanced by the building of the highway. At most, it was a jury question. The jury heard the evidence and viewed the premises, and we cannot say that the jury was wrong in rendering the verdict of "NO DOLLARS" damages, and the trial court did not err in entering a judgment on the verdict.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.