231 So.2d 115

MOBILE HOUSING BOARD

v.

Max BROOK et al.

I Div. 578.

Supreme Court of Alabama.

Jan. 22, 1970.

Collins, Galloway & Murphy, Mobile, for appellant.

McDermott & Slepian, Mobile, for appellees.

PER CURIAM.

Appellant, Mobile Housing Board, questions the ruling of the Circuit Court in awarding an attorney's fee and assessing it as part of the costs in an eminent domain proceeding. The contention is made that Act 715, Acts of Alabama 1967, Regular Session, p. 1552, is void for vagueness and uncertainty. It is also argued that said Act is unconstitutional under Article 1, § 1; Article 1, § 10; Article 1, § 13; and Article 1, § 35, of the Constitution of the State of Alabama, 1901, and under the Fourteenth Amendment to the Constitution of the United States.

The original proceeding to condemn the property was filed in the Probate Court. An order of condemnation followed with commissioners appointed and with appraisal and award to the property owners. Appeal by the Housing Authority Board demanded a jury trial in the Circuit Court. After verdict and judgment for the property owners for $25,000, the Circuit Court entered the following order:

"In open Court on this day; It is ordered and adjudged by the Court that pursuant to Act 715 of the 1967 Legislature approved September 8, 1967, the Court fixes the fee for the defendants' attorney in the sum of $1000.00, and assesses the same as part of the costs in this cause."

Then the Housing Board filed a special motion to set aside that portion of the judgment awarding attorney's fee.

This motion was overruled on March 3, 1969, and this appeal followed.

■ There are only two assignments of error argued. Assignment of Error 3 relates to the award of attorney's fee as provided in Act 715 of the 1967 Legislature, approved September 8 1967.

The identical question was recently decided by this court in Mobile Housing Board v. George N. Cross et al., 285 Ala. 94, 229 So.2d 485. There we held:

"The Mobile Housing Board is specially clothed with the power to exercise a right of sovereignty which it could not exercise but for the action of the legislature. Having conferred the power upon the Housing Board to take private property by condemnation, the legislature can validly impose any reasonable condition upon its exercise as the legislature sees fit. We hold that the legislature could require the Housing Board to pay all reasonable costs of the proceedings on appeal, including a reasonable attorney's fee to be assessed by the court. Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299; 74 L.Ed. 904; City of Sacramento v. Swanston, 29 Cal.App. 212, 155 P. 101 (1915); Sanitary District of Chicago v. Bernstein, 175 Ill. 215, 51 N.E. 720 (1898); Gano v. Minneapolis & St. Louis R.R., 114 Iowa 713, 87 N.W. 714, 55 L.R.A. 263 (1901)."

Finally, we consider Assignment of Error 4. Appellant here asserts error in the oral charge to the jury dealing with the basis of assessment or valuation of the property as provided in Act 717, Regular Session 1967. This act provides:

"Section 1. In all counties of this state having a population of not less than 300,000 nor more than 500,000, according to the last or any subsequent federal decennial census, in any condemnation proceeding instituted in con-

nection with an urban renewal or other redevelopment plan or project undertaken pursuant to Act No. 553, H. 145, Regular Session 1955 (Acts 1955, p. 1210), the commissions appointed pursuant to Code of Alabama 1940, Title 19, Section 11, as amended, shall fix and determine the value of any property sought to be acquired thereby at no less than the value of such property as of the date of the announcement of said urban renewal plan or project, or declaration of the slum, blight, or deterioration to be removed."

■ Appellant contends this Act is void and unconstitutional for vagueness and uncertainty. Other reasons are suggested, but we find it unnecessary to enumerate them. There was no motion for a new trial contending the award was excessive and at no time on this appeal is it asserted this is an excessive award.

This court has repeatedly refused to review assignments of error which deal with giving or refusing of written charges and oral instructions pertaining only to the measure of damages where the State has not assigned as error and argued that the compensation awarded was excessive.— State v. Jefferson County Board of Education, 282 Ala. 303, 211 So.2d 146; Southern Furniture Manufacturing Co. v. Mobile County, 276 Ala. 322, 161 So.2d 805.

It follows that reversible error is not made to appear in connection with that portion of the court's oral charge excepted to by the Housing Authority and made the basis of Assignment of Error 4.

■ In addition to the fee awarded in the Circuit Court, counsel for the property owners, here, on motion requests this Court to allow and award them reasonable attorney's fee for services here rendered in the instant appeal, which appellees assert is allowable under Act 715, *supra*. We note this Act refers to appeals made "from an order of condemnation or as provided by Code of Alabama 1940, Title 19, Section 20, including rea-

sonable attorney's fees to be assessed by *that court; * * *"* (emphasis supplied) There is no reference in Act 715 to Code of Alabama 1940, Title 19, § 23, which authorizes an appeal from the Circuit Court to the Supreme Court by any party. This omission clearly indicates an intention to limit an award of attorney's fees to the Circuit Court. The maxim, "Expressio unius est exclusion alterius," is an aid in discovering legislative intent.— Jordan v. City of Mobile, 260 Ala. 393, 71 So.2d 513.

This statute, Act 715, cannot be judicially extended to encompass attorney's fees in this Court and accordingly they are denied.

The case is due to be affirmed.

The foregoing opinion was prepared by J. Edgar Bowron, Supernumerary Circuit Judge, and is adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL, HARWOOD and MADDOX, JJ., concur.