WRIGHT, Presiding Judge.
Financial Underwriters, Inc. (Financial) brought suit on a promissory note against Raymond and Betty Warren in the Circuit Court of Baldwin County. After an ore tenus hearing, the court rendered a judgment in favor of the Warrens. Financial appeals from that judgment.
The Warrens purchased certain real property from Financial in 1982. Title to the property was conveyed by a deed with vendor’s lien. The property was subject to a first mortgage, which was assumed by the Warrens. A promissory note was given by the Warrens to Financial in payment for the equity between the selling price of the house to the Warrens and the assumption price of the first mortgage on the house.
The Warrens remained in possession of the house until June 1984 when they began having trouble making payments to the first mortgagee and to Financial. Several discussions occurred between the parties concerning the Warrens’ inability to make the mortgage payments. An oral agreement was reached between the parties, which allowed Financial to retake possession of the house and released the Warrens’ obligations under the first mortgage and under the vendor’s lien deed to Financial.
The Warrens received a deed which was drawn by Financial’s attorney and was signed by Financial’s president. A release provision for the vendor’s lien deed was not provided with the deed pursuant to the oral agreement between the parties. The Warrens informed Financial’s attorney that they would not execute the deed unless a release provision for the vendor’s lien deed was also included. Approximately one week later, Financial’s attorney contacted the Warrens and informed them that a release provision had been drawn to be signed along with the deed. The Warrens then signed the deed and release. Financial, however, never signed the deed or the release.
After the Warrens executed the second deed, they sent the assumption papers, a payment book, a check bringing the first mortgage payments up to date and the keys to the house to Financial. They vacated the premises and Financial resumed possession. Financial placed another party in possession of the premises immediately after the Warrens relinquished possession.
It was the Warrens’ understanding that pursuant to the oral agreement with Financial they were absolved from any further liability on the first mortgage and on the vendor’s lien deed. The Warrens’ testimony indicated that they had no knowledge that the release which they drafted had not been signed by Financial, until Financial brought suit upon the promissory note.
The dispositive issue on appeal is whether there was sufficient evidence before the trial court to sustain its decision. Financial contends that there was not sufficient evidence to support the affirmative defenses of release and estoppel raised by the Warrens at trial.
Section 8-1-23, Code of Alabama 1975 states:
“An obligation is extinguished by a release therefrom given to the debtor by the creditor upon a new consideration or in writing with or without new consideration.”
Sufficient consideration to support an oral release of the maker of a note is created when there is legal detriment to the prom-isor and benefit to a promisee. Thrash v. Deason, 435 So.2d 69 (Ala.1983).
There is sufficient consideration to support a release in this case. The Warrens suffered a legal detriment, and Finan *338 cial received a benefit when the Warrens signed a deed which conveyed the house back to Financial. The Warrens sent Financial the assumption papers on the first mortgage, the payment book, keys to the house, and current payments on the first mortgage. They vacated the premises, and Financial immediately placed another party in possession of the house.
The theory of estoppel can be asserted “when one person by his words, acts, conduct or silence, induces another, on the faith thereof, to pledge his credit, incur a liability, or part with something valuable_” Western Grain Company Cases, 264 Ala. 145, 85 So.2d 395 (1955). An oral release acted upon by the debtor is sufficient to prevent a creditor from later claiming damages under the obligation released. Southern Furniture Manufacturing Co. v. Mobile County, 276 Ala. 322, 161 So.2d 805 (1963).
The trial court’s decision is clearly substantiated under the theory of estoppel. The Warrens entered into an oral agreement with Financial which allowed them to convey their house back to Financial and, in turn, Financial was to assume the first mortgage payments and release the Warrens from liability under the promissory note. Financial failed to inform the Warrens that the release had not been signed by them. Financial allowed the Warrens to vacate the premises and immediately placed another party in possession of the house. The Warrens acted upon the oral release, and their action prevents Financial from now claiming damages under the obligation released.
The trial judge issued a decision without making specific findings of fact or conclusions of law. Where the trial judge’s ruling is based on no specific ground, the judgment must be sustained on appeal if any good ground is presented. Pizitz v. Ryan, 403 So.2d 222 (Ala.1981). We have already determined that the trial court could have rendered his decision on either the theory of release or estoppel. Therefore, even though we can make no determination on which theory the decision was rendered, the judgment can be affirmed because each was supported by the evidence. Additionally, under the ore tenus rule, the findings of the trial court will not be reversed on appeal unless they are clearly erroneous or palpably wrong. Thompson v. Hartford Accident and Indemnity Co., 460 So.2d 1264 (Ala.1984).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.