SEABORN MORRIS *v.* JASPER P. MYER.

[40 South. Rep., 231.]

TAXATION. *Sale of several tracts. Laws* 1878, *ch.* 3, *sec.* 39, *p.* 45.

> Under Laws 1878, ch. 3, sec. 39, p. 45, providing for the sale of so much of each delinquent taxpayer's land as may be necessary to pay the amount of taxes due thereon, a tax sale in lump of several distinct and separate tracts, assessed at different sums and to different unknown owners, is not authorized.

FROM the chancery court of Covington county.

HON. THADDEUS A. WOOD, Chancellor.

Myer, the appellee, was the complainant in the court below; Morris, the appellant, was the defendant there. The bill sought to remove a cloud from the title to land, together with compensation for the use and occupation thereof and for waste committed thereon by the destruction of timber. The court below decreed in favor of the complainant, and the defendant appealed to the supreme court. The facts are apparent from the opinion of the court.

*R. L. & E. S. Dent,* for appellant.

The tax deed on which appellee bases his claim is void and of no effect, as the land roll on which the tax sale is based was not filed as the law directs. His deed shows on its face, and it otherwise appears from the proof in this record, that this land was

sold in gross, although it consisted of separate and distinct parcels, tracts, or lots of land, not in one body, not in the same assessment nor assessed to the same party.

The deed is void. It is based on an assessment filed out of time. *Carlile* v. *Goode,* 71 Miss., 75 (s.c., 15 South. Rep., 119); *Gregory* v. *Brogan,* 74 Miss., 699 (s.c., 21 South. Rep., 521); *Pearce* v. *Perkins,* 70 Miss., 276 (s.c., 12 South. Rep., 205); *Carlisle* v. *Chesterman,* 69 Miss., 392 (s.c., 12 South. Rep., 257); *Osborn* v. *Hide,* 68 Miss., 45 (s.c., 8 South. Rep., 514).

The tax deed discloses that separate and distinct parts, or parcels, of land, in different sections, not in one solid body or contiguous tracts, and not in the same assessment or assessed to the same party, were sold for taxes. These separate and distinct tracts, or parcels, of land were assessed separately, not to one and the same party.

Three separate and distinct parcels of land, made in different assessments, evidently to different parties, for different sums, and in wholly different sections, cannot lawfully be sold in gross.

When taxes are assessed to different persons, upon different and distinct interests, or separate lots, or parcels, of land constituting different assessments, the tax collector cannot legally advertise and sell the whole of the land—all the tracts, including the several interest or lots distinctly taxed, or such portion of same as shall be necessary to pay the taxes—but each interest in lots constituting different assessments must be separately advertised and sold for the payment of that tax only for which it is liable. *Wallingford* v. *Fiske,* 24 Me., 386; *Andrews* v. *Senter,* 32 Me., 394; *Woodburn* v. *Wireman,* 27 Pa. St., 18; *Farnham* v. *Jones,* 32 Minn., 7; *Brown* v. *Setz,* 39 Minn., 317; *Terrell* v. *Groves,* 18 Cal., 149; Black on Tax Titles, 322.

*McIntosh Bros.,* for appellee.

If the assessment roll was delivered by the assessor at the

proper time, the failure of the clerk to indorse it "filed" will not affect the validity of the title.    *Mills* v. *Scott,* 62 Miss., 825.

The presumption of law is that the assessor did his duty, that he filed the roll at the proper time.    The testimony of W. L. Strahan and E. Hall, the latter the clerk, strengthens this presumption.

The order of the board of supervisors, passed at its August meeting, shows that this board had the assessment roll under consideration, and was examining it, on the 5th day of August of that year; and the order approving the roll shows conclusively that the clerk did not mark it "filed" when it came into his office, but that it was delivered to him before he so marked it; and we cannot escape the conclusion that after the board had accepted and approved the roll, and fixed the levy of taxes, the assessor then marked it "filed."   A failure of the assessor to mark the roll "filed" will not invalidate any assessment; and where the minutes show that the board of supervisors met, at the time and place appointed, to equalize the assessment and consider the roll, the fact that the clerk marked the same "filed" after it was considered will not overcome the presumption that the roll was delivered at the proper time—on the first Monday in July.    But in view of the recitals of the minutes of the board of supervisors, in the instant case, it will be presumed that the indorsement was made when the roll was approved and accepted.    *Morgan* v. *Blewitt,* 72 Miss., 903 (s.c., 17 South. Rep., 601).

In the absence of proof as to when an assessment roll was returned, the tax deed will raise the presumption that it was returned at the time required by law.   *Grayson* v. *Richardson,* 65 Miss., 222 (s.c., 3 South. Rep., 579); *Morgan* v. *Blewitt, supra.*

The tax deed raises the presumption that the lands were legally sold.    This is not disputed.    And the statute provides that such a conveyance shall vest in the purchaser a perfect title to lands sold for taxes; that the conveyance, as between original parties

or subsequent alienees, shall not be invalidated; and that against the title thus conveyed no defense shall be available in any court of the state, except by proof that the taxes for which said lands were sold had been paid or tendered to the proper officer before sale, or that the taxes were illegal in part, and that before sale the taxpayer tendered to the proper officer the amount of legal taxes due on the lands.

But this land was assessed to *some* owner—that is, to an owner "unknown;" and the law did not contemplate that where the same individual bought separate tracts, or parcels, of land, the tax collector should make separate conveyances to the buyer for each separate forty-acre tract.

Laws 1878, ch. 3, sec. 39, provides the mode of sale of lands delinquent for taxes; and while it provides that the lands shall be sold in the smallest legal subdivisions—each of which, it declares, shall be forty acres—it nowhere provides that lands constituting separate tracts and assessed to the same owner shall be conveyed by separate deed.    But sec. 40 of the act provides that if, upon offering all the land of any delinquent taxpayer, no person will bid for it the whole amount of taxes and costs, the tax collector shall strike off the same to the state.

The plain intendment of the law seems to be that the collector, after having sold the lands as the law directs, may convey to any individual, in one deed, the lands which he has purchased at the tax sale, regardless of whether the same were assessed to one individual or not; because it is provided, by the same section, that the sheriff can file with the clerk separate lists of lands sold to the state and individuals and the amount of the taxes and costs, specifying each article of cost for which the lands were sold, and the clerk is required to record the list in a book kept for that purpose, which is made a record and constitutes evidence in all the courts of the state.    From this record it is easy for an individual to select his land, ascertain the amount necessary to redeem it, pay the same to the clerk, and thus redeem it,

notwithstanding it may have been conveyed by the tax collector in the same deed with his neighbor's land. But these lands—all of them—were assessed to the same person in the advertisement, the form of which is in sec. 39 of the act. The name of the owner appears in the first column of the advertisement; and doubtless the word "unknown" was written there so that, under this act, if the sheriff sold to an individual all the lands in the county that were assessed to "owner unknown," then the fact that he made only one deed to the purchaser for all the lands would not invalidate the sale under Laws 1878, because each parcel of lands in the instant case is not assessed to different parties, but all of these lands are assessed to a fictitious individual, whom the law designates "unknown."

WHITFIELD, C. J., delivered the opinion of the court.

The tax deed under which appellee claims was void. It is clear from the record that at this tax sale three separate and distinct tracts of land, in different sections—not contiguous, but far apart—assessed at different sums and to three different, unknown owners, were sold in a lump for one bid of eleven dollars and odd cents. No such sale can be upheld under the act of 1878. Laws 1878, ch. 3, sec. 39, p. 45.

*The decree is reversed, and the cause remanded, to be proceeded with in accordance with this opinion.*