(104 So. 776)

### WALLACE v. AMERICAN WHOLESALE CORPORATION.  (2 Div. 324.)

(Court of Appeals of Alabama.  April 21, 1925. Rehearing Denied June 9, 1925.)

1. Appeal and error ⬾989, 1008(1)—Judgment of court, sitting without jury, has force and effect of verdict of jury.

Judgment of trial court, sitting without jury, has conclusive force and effect of verdict rendered by jury, and, on appeal therefrom, appellate tribunal's inquiry is limited to whether there was sufficient evidence to support judgment.

2. Appeal and error ⬾1012(1)—Finding of trial court, sitting without jury, not reversed, unless so manifestly against evidence that verdict rendered on same testimony would be set aside.

Judgment of trial court, sitting without jury, will not be reversed, unless so manifestly

---

against evidence that judge at nisi prius would set aside verdict of jury rendered on same testimony..

**3. Exemptions ⬅61—Partner's claim of exemption invalid, where property that of partnership.**

Under Code 1907, § 4166, a claim of exemption by a partner as to personal property levied on under an execution on judgment against partnership, is invalid, if property was that of partnership.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Claim of exemption by G. W. Wallace, and contest by the American Wholesale Corporation. Judgment for contestant, and contestee appeals. Affirmed.

Gray & Dansby, of Butler, and John S. Tilley, of Montgomery, for appellant.

The judgment of the court sitting without a jury will be revised when clearly wrong. Twin Tree Lbr. Co. v. Day, 181 Ala. 569, 61 So. 914; Briel v. Exchange Nat. Bank, 180 Ala. 578, 61 So. 277. The burden of proof on this trial was upon the contestant. Code 1907, § 4179; Bailey v. Dunlap Mer. Co., 138 Ala. 417, 35 So. 451.

T. J. Hollis, of Butler, for appellee.

Partnership property cannot be claimed as exempt, Code 1907, § 4166.

RICE, J. This appeal is from the judgment on a contest of the claim of exemption filed by the appellant, whereby certain personal property levied upon by the sheriff, under an execution issued at the instance of appellee, on a judgment obtained by it in the circuit court of Choctaw county against Wallace & Co., a partnership composed of G. W. Wallace and Robert Wallace, was claimed by the said G. W. Wallace to be exempt to him under the statutes.

[1] The matter was tried by the judge without a jury. The decisive question was purely one of fact, and on this appeal the judgment of the trial court comes to us with the conclusive force and effect of a verdict rendered by a jury, and the only inquiry we may here make is whether there was sufficient evidence to support the judgment. Montgomery Lodge etc. v. Massie, 159 Ala. 437, 49 So. 231.

[2] In such cases the rule is not to reverse the finding, unless it is so manifestly against the evidence that a judge at nisi prius would set aside the verdict of a jury rendered on the same testimony, and that should never be done "unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong, and unjust." Cobb v. Malone, 92 Ala. 630, 9 So. 738. As said in that case, the trial judge "has heard and seen the witnesses testify, observed their tone and demeanor, and noticed their candor or convenient failure of memory to avoid impeachment, or for other improper purpose. The appellate court, possessing none of these aids and advantages, and receiving the evidence on paper only, is less qualified to determine what evidence is unworthy of belief, or what weight should be given to that which has been rejected by the jury [the court], and may give undue weight to the testimony of some of the witnesses." 92 Ala. 634, 9 So. 739.

[3] No question of law is argued on this appeal. If the property in question was that of the partnership, the claim of exemption was invalid. Code 1907, § 4166. The trial court found that it was. We are not convinced that he was wrong. No prejudicial error appears.

The judgment appealed from will be affirmed.

Affirmed.