**Dorothy M. LEWIS, Plaintiff,**

v.

**BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY et al., Defendants.**

**Civ. A. No. 76–87–P.**

United States District Court, S. D. Alabama, S. D.

Aug. 9, 1976.

W. Troy Massey, Associate Gen. Counsel, Ala. Education Assn., Montgomery, Ala., Truman Hobbs, Montgomery, Ala., for plaintiff.

Abram L. Philips, Jr., Mobile, Ala., for defendants.

## ORDER

PITTMAN, Chief Judge.

This cause is before the court on the plaintiff's "Motion for Additional Findings and for a Preliminary Injunction," filed on May 26, 1976, (File Doc. No. 17) and the defendants' "Response to Court's Order of April 22, 1976" filed on May 28, 1976 (File Doc. No. 18).

The events giving rise to the commencement of this action are summarized in an order dated April 22, 1976 (File Doc. No. 16). In the April 22, 1976, order, this court rejected the plaintiff's contentions that her employment was terminated in an unconstitutional manner. However, the court determined that the plaintiff's attempts to secure an administrative appeal to be conducted in conformity with the custom and policy of defendants' Personnel Division within thirty days.

The report filed by the defendants with attachments reflects the defendants' efforts to comply with the order. The plaintiff's motion contains objections to the defendants' rule that grievants be represented by a "mutually agreeable" person and further contains a request that a preliminary injunction be entered to enjoin the defendants from enforcing the "mutually agreeable" rule and also seeks declaratory relief.

The hearing was held on Friday, May 21, 1976, the last weekday available in the time frame fixed by the court's order. As detailed in the opinion, several hearing dates were set and continued by the defendants in an effort to accommodate the plaintiff.

Correspondence attached to the defendants' report and the plaintiff's motion reflect the following:

5/4/76: Letter from Administrative Assistant J. R. Martin to plaintiff advising her that hearing had been set for 5/18/76 and informing her of her rights including the right to be represented by legal counsel or a mutually agreeable party to be determined by plaintiff and Personnel Division prior to hearing.

5/12/76: Letter from plaintiff to Mr. Martin agreeing to hearing date provided he agreed with her request to be represented by Dr. William F. Hanebuth and her request to call certain named individuals and "Teacher(s) and students(s) who have knowledge of my activities during the time in which I was allegedly insubordinate."

5/15/76: Letter from Mr. Martin to plaintiff stating that Dr. Hanebuth would not be mutually agreeable, suggesting Troy Massey (plaintiff's trial counsel) as an alternative, and informing plaintiff of efforts to obtain presence of witnesses requested by plaintiff with the exception of the class of individuals which plaintiff described in quoted language of her 5/12/76 letter.

5/17/76: Letter from plaintiff to Mr. Martin informing him that Mr. Massey would not be available on the hearing date, requesting a continuance of the hearing until the parties found a mutually agreeable representative, and stat-

478

ing her opinion that Dr. Hanebuth would be the most logical choice.

5/18/76: Letter from Mr. Martin to plaintiff offering to schedule hearing for May 19, 20, or 21, 1976, in order to accommodate Mr. Massey, and informing the plaintiff that the hearing would have to be held no later than 5/21/76 to comply with court's order.

5/19/76: Letter from plaintiff to Mr. Martin informing him that none of the dates would be convenient for Mr. Massey, requesting a continuance until agreement could be reached as to plaintiff's representative, and suggesting that she be represented by Dr. Hanebuth who would be available on 5/19/76 or 5/20/76.

The plaintiff's motion was filed five days after the administrative hearing. It is the first objection presented to the court on the defendants' "mutually agreeable" rule. The existence of the rule was made known during the hearing in this cause and was specifically referred to in the court's April 22 order.

During the arguments on the plaintiff's motion, the court was informed that the plaintiff did not attend the administrative hearing and that the hearing was delayed for approximately 20 minutes beyond the 3:00 p. m. starting time on May 21 in order to afford Mr. Troy Massey an opportunity to appear at the hearing. Mr. Massey was in the building where the hearing was to be held and when contacted was within a very short distance from the hearing room. Mr. Massey did not choose to attend the hearing.

■ The court is not aware of an appellate court's ruling which invalidates such a provision. The defendants did not arbitrarily apply the rule nor seek to frustrate the plaintiff's right to adequate representation at the hearing. To the contrary, the defendants went to considerable trouble to have the hearing when the attorney representing the plaintiff in this cause could be present. The plaintiff and her attorney apparently chose not to be present. They

now come in at this late date and seek to make it an issue in the case.

Under the circumstances of this case, the court concludes the motion is without merit and is accordingly due to be denied.

The defendants' report containing the Personnel Division's finding and conclusion is hereby adopted as part of the official record in this case.

In the April 22, 1976, order, the court reserved the right to make additional findings of fact after receiving the defendants' report. The following portion of this order constitutes the court's findings of fact with regard to the events of October the 10th and the 21st.

## SUPPLEMENTAL FINDINGS OF FACT

■ On Friday, October 10, 1975, the plaintiff and the other custodial workers were given instructions from the principal (Mrs. Clausen) by the school secretary (Mrs. Matzenger) to breakdown the tables and chairs in the school cafeteria in preparation for an in-service meeting to be held in the lunchroom the following Monday morning. The plaintiff and the other workers failed to make any preparations and the task had to be performed by Mrs. Clausen and her son who went to the school on Saturday to prepare the cafeteria. The court finds that Mrs. Clausen herself spoke to plaintiff on two occasions on October 10 to stress the importance that the plaintiff and other custodial workers complete the task before the end of that day.

On Tuesday, October 21, 1975, the plaintiff and the other custodial workers were given instructions from the principal by the secretary to prepare the cafeteria for a P.T.A. meeting to be held that evening. The plaintiff did not assist the other workers in performing the task. The court finds that the plaintiff refused to perform the task when she received the instructions and that she did not tell the secretary she had received a request from a teacher to clean an area soiled by a student who had become ill.

## SUPPLEMENTAL CONCLUSIONS OF LAW

The court finds that the evidence in this cause supports the termination of the plaintiff's employment for insubordination.

It is therefore ORDERED, ADJUDGED and DECREED as follows:

(1) The plaintiff's "Motion for Additional Findings and for a Preliminary Injunction" is hereby DENIED.

(2) The defendants' "Response to the Court's Order of April 22, 1976" containing the findings and conclusions of the Personnel Division on the plaintiff's administrative appeal is hereby ADOPTED and made a part of the record in this cause.

(3) Judgment shall be entered in favor of the defendants in this cause.

(4) Costs shall be taxed against the plaintiff.