This is an appeal from a judgment in the Circuit Court of Madison County terminating the rights of defendants/lessees, Henry Marsh, Norman Pizitz, A.B. Pizitz, and Holiday Plaza Corporation, under a lease with plaintiff/lessor, Patricia Ryan.
Lessees entered into a lease agreement with Ryan whereby they would lease a vacant tract of land for the construction of a shopping center. The lease, which provided for an initial term of twenty years, further contained an option for automatic renewal "on the written request of the lessees made three (3) calendar months before the expiration of the term. . . ." The expiration date was February 20, 1980; therefore, written request was required to be made in November, 1979. Lessee Marsh, allegedly mailed a written request on November 2, 1979, but plaintiff/lessor, Patricia Ryan, allegedly never received the letter.
On April 15, 1980, Ryan filed suit to terminate the lease. Lessees counterclaimed, averring that the option to renew had been properly exercised. Neither party requested a jury trial. On September 2, final judgment was entered for Ryan. Norman Pizitz and A.B. Pizitz appeal. *Page 223 
The dispositive issue in this case is a factual one — whether lessee Marsh actually mailed a written request within the requisite time period in order to effect a valid exercise of the option to renew. The trial judge, after hearing the evidence ore tenus, determined that the appellants' rights under the lease terminated as of February 20, 1980, the expiration date of the twenty-year term.
This Court has previously determined that where, as here, the fact of posting is disputed, a question of fact for determination by the trier of fact is presented. Calkins v.Vaughan, 217 Ala. 56, 114 So. 570 (1927). In Calkins we stated:
 [I]n view of the presumption that every letter, properly addressed and stamped, is duly transported and delivered to the addressee, the addressee's testimony that he never received it is some evidence that it was never mailed as claimed, and leaves the issue for the jury to determine. As declared by the Supreme Court of New Hampshire:
 The presumption arising from the known regularity of the United States mail service is as available for the supposed receiver of a letter as for the alleged sender thereof. If proof that a properly addressed and stamped letter was posted gives rise to a presumption that it was received in due course, * * so proof that no letter was received warrants a finding that it was never posted. If this plaintiff's testimony denying the receipt of the letter was believed, the jury would be warranted in going further and finding that the letter was not posted. Wilson v. Frankfort, etc., Co., 77 N.H. 344, 91 A. 913; 22 Corp.Jur. 102, § 9.
 The question as to the fact of posting the letter, its receipt being denied by the addressee, was there held to have been properly submitted to the jury.
In the instant case, the trial judge sat as the trier of fact. Our case law is very clear as to the strong presumption in favor of the Court's ruling in ore tenus cases. As emphasis, we quote, with approval, Wallace v. American WholesaleCorporation, 20 Ala. App. 642, 104 So. 776 (1925):
 The matter was tried by the judge without a jury. The decisive question was purely one of fact, and on this appeal the judgment of the trial court comes to us with the conclusive force and effect of a verdict rendered by a jury, and the only inquiry we may here make is whether there was sufficient evidence to support the judgment. Montgomery Lodge etc. v. Massie, 159 Ala. 437, 40 So. 231.
 In such cases the rule is not to reverse the finding, unless it is so manifestly against the evidence that a judge at nisi prius would set aside the verdict of a jury rendered on the same testimony, and that should never be done "unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong, and unjust." Cobb v. Malone, 92 Ala. 630, 9 So. 738. As said in that case, the trial judge "has heard and seen the witnesses testify, observed their tone and demeanor, and noticed their candor or convenient failure of memory to avoid impeachment, or for other improper purpose. The appellate court, possessing none of these aids and advantages, and receiving the evidence on paper only, is less qualified to determine what evidence is unworthy of belief, or what weight should be given to that which has been rejected by the jury [the court], and may give undue weight to the testimony of some of the witnesses."
After a careful review of the record we conclude that there was sufficient evidence to support the judgment.
Appellants contend, however, that the trial judge misapplied the law to the facts. They argue that the judge erroneously equated "written request" with "notice" and that in so doing he imposed a higher standard of performance upon them for the valid exercise of the option than the lease itself contemplated. We disagree. *Page 224 
To begin with, where, as in the instant case, "the trial judge's ruling is grounded on no specific ground, his judgment must be sustained on appeal if any good ground is presented."Sterling Oil of Oklahoma, Inc. v. Park, 291 Ala. 727,287 So.2d 847 (1973). An initial factual determination of the posting issue pretermitted the necessity of even reaching the "written request"/"notice" issue. It is of little or no consequence whether the mailing of the written request, as opposed to the receipt of the written request, constituted a valid exercise of the option to renew if, in fact, the request was never mailed within the requisite time period.
Moreover, the record indicates that neither party distinguished "written request" from "notice" in any of their pleadings or motions. To the contrary, "notice" was used synonymously with "written request" by both parties at the trial level. Appellants, therefore, are estopped from arguing any distinction on appeal.
Finally, appellants contend that equity should act to relieve a forfeiture under these circumstances. They cite cases from other jurisdictions as authority for the proposition that the following four circumstances, alleged by appellants to be present in the instant case, have been sufficient to invoke equity in these other jurisdictions: (1) vast improvements and expenditures to the premises, (2) large sums of money and resources, (3) financial risks, and (4) long periods of time and effort. Sosonie v. Pernetti Holding Corp., 115 N.J. Super. 409, 279 A.2d 904 (1971); Gallagher v. Marconi, 68 Misc.2d 319,326 N.Y.S.2d 697 (D.Ct. 1971). We disagree. The record fails to indicate any instances of "accident, mistake or special circumstances" sufficient to invoke equitable relief for appellants. See Gallagher v. Marconi, supra; Jones v.Gianferante, 305 N.Y. 135, 111 N.E.2d 419 (1953); Dugan v.Haige, 54 So.2d 201 (Fla. 1951).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.