Appeal by Wadsworth House Movers, Inc., defendant, from a judgment in favor of Salvage One Demolition, Inc. (Salvage One), in Salvage One's action based upon breach of contract, money had and received, and fraudulent misrepresentation. The case was tried ore tenus without a jury, and the plaintiff was awarded $11,900 in damages. We affirm.
The action grew out of negotiations between the parties whereby Salvage One sought to purchase Wadsworth House Movers, Inc., a house moving business owned by Wayne Wadsworth. In the course of these negotiations, an agreement was prepared by Salvage One's lawyer. At a meeting in the lawyer's office, details of the transaction were discussed; however, the agreement was not executed by either party. There were other meetings held, without a final closing occurring. Then, on June 15, 1981, Wadsworth went to the office of James Allred, owner of Salvage One and one of the participants in the negotiations, to further discuss the proposed purchase. While there, Wadsworth received a $10,000 cashier's check, for which he gave a receipt, which recited that the $10,000 was "toward purchase of Wadsworth House Movers, Inc., leaving balance of $44,521 due 6/20/81." The closing to occur on June 20 did not occur; at trial the parties disagreed as to where it was to have taken place. No further negotiations were held, and no documents of sale were executed. Wadsworth did not return the $10,000 payment to Salvage One.
Following the trial court's judgment, the defendant's post-trial motions were denied and this appeal ensued.
The defendant states the issue as being whether the vendee may recover a partial payment made under an agreement of purchase and sale when the vendor is able and willing to perform his agreement. The plaintiff, on the other hand, views the case as one in which the trial court, sitting without a jury, could have found that no contract of sale was ever entered into by the parties and that Salvage One was thus *Page 688 
entitled to a return of its down payment. We agree with that position and find that the evidence lends support to the trial court's judgment.
The transaction concerned certain equipment, some detached houses, and reimbursement to Wadsworth of sums he had invested in houses he had bid upon, and payment of promissory notes Wadsworth owed to banks. As we have stated, no written contract was ever executed by either party. Wayne Wadsworth did execute a receipt, but only in his individual capacity, and not as a representative of Wadsworth House Movers. The evidence further disclosed that this money was turned over to Wadsworth House Movers. The trial court apparently concluded that this agreement did not qualify as a written memorandum of a contract under Code of 1975, § 7-2-201 (the Uniform Commercial Code's statute of frauds). Such a conclusion is entirely correct: the receipt fails to evidence a contract for the sale of goods, does not specify quantity, and was not signed by the party to be charged. At most, the receipt was evidence of an intent to make a contract in the future.
What the trial court could have concluded from the record is that over a period of approximately two months the parties attempted to reach an agreement on the sale of this business but could not agree on the terms.
Wadsworth House Movers argues that the parties had agreed that the $10,000 paid by Salvage One was to be forfeited in the event no closing took place. The receipt itself does not bear out any such agreement, and there is, as we have stated, evidence supporting the conclusion that no contract was made. Questions concerning the intent of parties to enter a contract are for the factfinder. Lapeyrouse Grain Corporation v.Tallant, 439 So.2d 105 (Ala. 1983); Blowers v. First NationalBank of Huntsville, 45 Ala. App. 485, 232 So.2d 666 (1970).
When the evidence is presented ore tenus without a jury, the factual findings are presumed correct and the judgment based thereon will not be disturbed on appeal unless it is plainly and palpably erroneous. Sandlin v. Sanders, 360 So.2d 977 (Ala. 1978); followed in Cedarwood Associates, L.T.D. v. Trammell,410 So.2d 50 (Ala. 1982).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.