HOUSTON, Justice.
Sallie Pettway filed this action against the Mobile County Board of School Commissioners, its superintendent, and its members, seeking declaratory and injunc-tive relief arising out of Ms. Pettway’s nonrenewal or termination as a custodial employee. The case was presented to the trial court ore tenus and judgment was entered for defendants without the trial court’s making specific findings of fact.
When evidence is' presented ore tenus without a jury, factual findings are presumed correct and a judgment based thereon will not be disturbed on appeal unless it is plainly and palpably erroneous. Wadsworth House Movers, Inc. v. Salvage One Demolition, Inc., 474 So.2d 686 (Ala.1985); Etheridge v. Yeager, 465 So.2d 378 (Ala.1985); see the cases collected at 2B Alabama Digest Appeal & Error § 1008.1(5). This Court must affirm the trial judge’s decision if, under any reasonable aspects, it is supported by credible evidence. Chism v. Hicks, 423 So.2d 143 (Ala.1982). Furthermore, where a trial court does not make specific findings of fact concerning an issue, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Thomas v. Davis, 410 So.2d 889 (Ala.1982). As an appellate court, we have neither the luxury nor the burden that the trial court has as trier of fact.
Ms. Pettway was employed by the school board as a custodial worker at the T.L. Faulkner Area Vocational School for the 1978-79 school year. By means of a letter dated May 7, 1979, Noel E. Lambeth, administrator of the vocational school, informed Ms. Pettway that her employment would not be renewed for the following school year and that her employment would end June 1, 1979.[1]
The school board had adopted a “GCN Separation Procedure,” which was in effect at all times pertinent to this opinion. This separation procedure has withstood constitutional attack. See Lewis v. Board of School Commissioners of Mobile County, 419 F.Supp. 476 (S.D.Ala.1976).
The separation procedure provided for a four-step process of review and appeal after termination (nonrenewal). The aggrieved employee could appeal to the principal-immediate administrator and request a conference, at which the employee could discuss the termination and seek to have it revoked. If not satisfied with the result of the conference, the employee could appeal to the assistant superintendent in charge of personnel and request a hearing, at which the employee could be represented by legal counsel and could testify and present witnesses and other evidence. (The hearing could be conducted before a third party, if requested by the employee.) The employee could appeal the action taken after the hearing to the superintendent for a review of the proceedings. If not satisfied there, the employee could appeal to the Board of School Commissioners for a review of the proceedings.
Section 16-8-23, Code 1975, does not apply to a custodial employee such as Ms. Pettway; however, even if it did, the school board’s separation procedure complies with, and, in fact, exceeds the requirements of § 16-8-23, Code 1975. Under the school board’s separation procedures, not only is a custodial worker entitled to a review by the superintendent and the school board, but such a worker is also entitled to a review by his/her principal and to a hearing before the assistant superintendent in charge of personnel.
Ms. Pettway had knowledge of the school board’s procedure and had utilized it in the past in contesting a reprimand.
*1058 This case is complicated by a form letter which was sent by the superintendent of the school board on May 23, 1979, to between 1,500 and 2,000 classified (non-contract) employees of the school board, including Ms. Pettway. The body of the letter is as follows: “This is to inform you that the Board of School Commissioners of Mobile County, assuming the availability of funds, will provide you employment in your present capacity during the school year 1979-80.” There is evidence that this letter was sent to Ms. Pettway in error.
Ms. Pettway chose not to follow the School Board’s procedure to a conclusion. There was sufficient evidence from which the trial court could have found that the May 23, 1979, letter was not the reason for Ms. Pettway’s not carrying the separation proceeding to a conclusion: e.g., testimony of Ms. Pettway; a May 31, 1979, letter from Ms. Pettway acknowledging that she had received a telephone call on May 29, 1979, concerning the GCN Separation Procedure step II hearing on May 30, 1979; and a June 20, 1979, letter from an attorney for Ms. Pettway to the assistant superintendent, personnel division, appealing the June 12, 1979, decision reached by the assistant superintendent.
Because Ms. Pettway failed to pursue the procedures provided by the GCN Separation Procedure adopted by the school board, the trial court could have found for the defendants and against Ms. Pettway under the doctrine of exhaustion of administrative remedies. This doctrine requires that where a controversy is to be initially determined by an administrative body, the courts will decline relief until those remedies have been explored and, in most instances, exhausted. Ex parte Graddick, 495 So.2d 1367 (Ala.1986); Mobile & Gulf Ry. Co. v. Crocker, 455 So.2d 829 (Ala.1984); City of Huntsville v. Smartt, 409 So.2d 1353 (Ala.1982); Fraternal Order of Police, Strawberry Lodge No. 40 v. Entrekin, 294 Ala. 201, 314 So.2d 663 (1975); Ex parte Board of Education of Blount County, 264 Ala. 34, 84 So.2d 653 (1955).
Therefore, the judgment of the trial court is not plainly and palpably erroneous, and under our standard of review, it must be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, AL-MON and BEATTY, JJ., concur.

. This nonrenewal took place prior to the 1983 enactment of the “Fair Dismissal Act," §§ 36-26-100 through 36-26-108, Code 1975, as amended. This case does not address whether Ms. Pettway would have been covered by this act if the nonrenewal had occurred after its enactment.