BRADLEY, Presiding Judge.
This is a breach of contract case.
On July 6, 1982 Mr. John D. McCown (hereinafter referred to as the decedent) sold the plaintiffs, Mr. and Mrs. Wladimir Wertelecki, a house located at 9 Oakway in Mobile, Alabama. As part of the real estate sales contract, Mr. McCown agreed to warrant the house’s air conditioner and heater for a period of two years, agreed to repair any uninsured leaks in the roof for a period of five years, agreed to warrant the electrical and plumbing systems, agreed to putty and replaster all inside walls and ceilings, agreed to reinsulate the air conditioner ducts, and agreed to replace two dining room windows.
Sometime after the sale of the house and the execution of the above-mentioned agreement, Mr. McCown became terminally ill, and subsequently died from the illness. As a result of Mr. McCown’s illness and corresponding death, many of the provisions of the agreement went unfulfilled.
The plaintiffs initially filed a claim against the decedent’s estate for repairs they had made to the house which were covered by the agreement. On April 25, 1985 the plaintiffs filed suit against the decedent’s estate, seeking damages for breach of contract.
The case was tried on May 27, 1986 in the Circuit Court of Mobile County, Alabama. The trial court heard the evidence without the benefit of a jury and then ruled that the decedent was liable for breach of contract. The trial court subsequently rendered a judgment against the decedent’s estate in the amount of $8,797.
From this judgment the defendant, Mr. Thomas E. McCown, serving as the decedent’s executor, appeals and raises only one contention of error. The decedent’s executor asserts in his brief that the trial court’s award of $8,797 was unsupported by the evidence and, therefore, should be reversed.
At the outset we note that, since this case was tried by the trial court without a *856 jury, the trial court’s factual findings and judgment based thereon are presumed correct and will not be disturbed on appeal unless either plainly and palpably erroneous or totally unsupported by the evidence. Wadsworth House Movers, Inc. v. Salvage One Demolition, Inc., 474 So.2d 686 (Ala.1985). The trial court awarded the plaintiffs $8,797 without specifically enumerating the reasons for which it was rendering such an amount. Where a trial court fails to set forth reasons for a decision, its judgment must be sustained on appeal if any ground exists to support it. Pizitz v. Ryan, 403 So.2d 222 (Ala.1981).
The evidence in the present case demonstrates that the plaintiffs offered testimony that they incurred expenses of $400 for puttying and replastering walls, $456 for replacing windows, $880 for cleaning a lot next to their house, $1,800 for reinsulating an air conditioner duct, and $400 for so-called continuing expenses. Additionally, the plaintiffs paid $8,497 to replace the existing roof with a new roof, which was warranted for at least twenty years. Thus, the record discloses that the plaintiffs presented evidence that they incurred over $12,000 in expenses as a result of the decedent’s breach of contract.
As previously stated, the trial court awarded the plaintiffs $8,797 on their breach of contract claim. The evidence reveals that the plaintiffs incurred almost $4,000 in expenses for replastering walls, insulating the air conditioner ducts, replacing the windows in question, and maintaining an adjacent lot.
The contract also required the decedent to repair all uninsured leaks in the roof. The record reveals testimony to the effect that the only way the leaking roof could be adequately repaired was for it to be completely replaced. Thus, the trial court could have construed the contract to require the replacement of the roof. The plaintiffs incurred $8,497 in expenses for the replacement of the roof; therefore, these expenses, combined with evidence of the other expenses allegedly incurred, present evidence that the plaintiffs incurred over $12,000 in contract damages.
The trial court awarded the plaintiffs $8,797. In view of the evidence presented at trial, we are unable to say either that the trial court’s judgment is palpably wrong or that it is unsupported by the evidence. Wadsworth House Movers, Inc. v. Salvage One Demolition, Inc., supra. For this reason, the $8,797 judgment for the plaintiffs is due to be affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.