# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN CENTENO,
Appellant,
vs.
B. QUEEN VICTORIA, LLC; AND
ABSOLUTE COLLECTION SERVICE,
INC.,
Respondents.

No. 67915

**FILED**

JAN 2 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from a district court summary judgment in a real property action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Having considered the record and the parties' arguments, we conclude that summary judgment was improper. As a threshold matter, we conclude that appellant has standing to allege that respondent Absolute Collection Service did not mail the notices required under NRS Chapter 116. Generally speaking, a quitclaim deed "is sufficient to convey whatever interest the grantor had in the property at the time the conveyance was made," *Brophy Min. Co. v. Brophy & Dale Gold & Silver Min. Co.*, 15 Nev. 101, 107 (1880), which, in this case, includes Victoria Family Trust's (VFT) right to contest whether Absolute Collection mailed the notices in compliance with NRS Chapter 116. *Cf.* 23 Am. Jur. 2d Deeds § 277 (2013) ("[C]ourts agree that a quitclaim deed, unless a contrary intent appears, passes all the right, title, and interest which the grantor has at the time of making the deed, which is capable of being

16-02880

transferred by deed."). While we recognize that the deed in this case did not convey 100 percent of VFT's interest in the subject property, respondents have not explained why this distinction would warrant deviating from the aforementioned general rule. Accordingly, we conclude that appellant has standing to challenge whether Absolute Collection mailed the notices in compliance with NRS Chapter 116. *Cf. Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011) (observing that the issue of standing "overlaps with" the inquiry into whether a party is a real party in interest under NRCP 17(a) and that "[a] real party in interest is one who possesses the right to enforce the claim and has a significant interest in the litigation" (quotation omitted)).

Additionally, we conclude that summary judgment was improper, as a genuine issue of material fact exists as to whether Absolute Collection mailed the notices in compliance with NRS Chapter 116. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing a summary judgment de novo and recognizing that summary judgment is appropriate only if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute). In particular, based on the current record, the affidavits of non-receipt from VFT's co-trustee and from VFT's tenant were sufficient to create a question of fact as to whether Absolute Collection mailed the notices in compliance with NRS Chapter 116. *See Liberty Mut. Ins. Co. v. Caterpillar Tractor Co.*, 353 N.W.2d 854, 858 (Iowa 1984) ("Proof that an addressee did not *receive* a piece of mail is competent evidence that it was not *mailed*."); *Pizitz v. Ryan*, 403 So. 2d 222, 223 (Ala. 1981) (same);

*Jensen v. Traders & Gen. Ins. Co.*, 296 P.2d 434, 436 (Cal. Ct. App. 1956) (same). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Kenneth C. Cory, District Judge
       Martin Centeno
       Charles L. Geisendorf, Ltd.
       Hafter Law
       Eighth District Court Clerk

---

[1]In rendering this disposition, we have not considered respondents' arguments that were not made in district court, including the argument regarding NRS 116.31166. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). To the extent that respondents made an argument regarding NRS 163.110 in district court, the record before us is insufficiently developed to determine whether such an argument may have had merit.